GERTRUDE JEFFERS HARRISON v. BETTY BURNETT HERBIN

No. 7718DC91

(Filed 7 February 1978)

Attorneys at Law § 7.5— denial of attorney's fees

 The trial court did not abuse its discretion in refusing to award attorney's fees pursuant to G.S. 6-21.1 to the successful plaintiff in an action to recover for damages to plaintiff's automobile where the jury awarded plaintiff $250 and defendant's insurance carrier had offered to settle plaintiff's claim for $200.

APPEAL by plaintiff from *Washington, Judge.* Judgment entered 8 September 1976 in District Court, GUILFORD County. Heard in the Court of Appeals 16 November 1977.

The appeal in this case arises from the trial judge's denial of the plaintiff's motion for attorney fees pursuant to G.S. 6-21.1 after the jury had returned a verdict in favor of the plaintiff in the amount of $250.00. The lawsuit which resulted in said verdict arose from an automobile collision between plaintiff and defendant. Plaintiff contended that defendant backed her car into the front of plaintiff's car while the two were waiting for a train to pass, thus causing $500.00 damage to plaintiff's vehicle. Defendant claimed that plaintiff was at fault and counterclaimed for $650.00. The accident occurred on 3 May 1973.

Evidence gleaned from the exhibits submitted on appeal and from testimony at the hearing on the attorney's fee motion tends to show the following: On 17 July 1974, plaintiff's attorney, Max D. Ballinger, wrote defendant's liability carrier regarding the accident, and received no response prior to the filing of the complaint in this action on 28 May 1975. Thereafter, on 3 June 1975, defendant's liability carrier wrote to Mr. Ballinger disclaiming liability but offering a compromise settlement in the amount of 50% of the property damage, or $200.00, which offer was forwarded to plaintiff without any recommendation on the part of Mr. Ballinger. Defendant answered and counterclaimed. Mr. Ballinger filed numerous motions on behalf of plaintiff, and attended several pretrial conferences. After several postponements, the matter finally came on for trial before a jury at the 23 August 1976 session of Guilford District Court. The trial lasted three days, or portions thereof.

After the return of the jury with its verdict in favor of the plaintiff, Mr. Ballinger moved for an award of attorney's fees and presented evidence that, based upon the usual rate at which he charges clients, his bill to plaintiff would have been $1,864.00. However, under the fee arrangement between plaintiff and Mr. Ballinger (one-third contingent fee), plaintiff was not responsible to Mr. Ballinger for the above sum.

After hearing the testimony and arguments of counsel, the trial court denied plaintiff's motion for an award of attorney's fees. From this ruling, plaintiff appeals.

*Max D. Ballinger, for plaintiff.*

*Henson & Donahue, by Daniel W. Donahue and Kenneth R. Keller, for defendant.*

BROCK, Chief Judge.

Plaintiff contends that the trial judge abused his discretion in denying plaintiff's motion that attorney's fees be taxed against defendant in this action. Plaintiff argues that, as illustrated by questions asked by the trial judge during argument on the motion, the judge by denying the motion, apparently intended to penalize plaintiff for bringing her action in district court rather than in magistrate's court, for requesting a jury trial, for refusing to seek damages from her own insurance carrier, for refusing defendant's offer of settlement, and as being, in general, responsible for this litigation. We find no merit in plaintiff's arguments.

G.S. 6-21.1 authorizes the presiding judge, *in his discretion*, to allow a reasonable attorney fee for the successful party in a personal injury or property damage suit where the damage recovery is $2,000.00 or less. The rationale behind the statute was stated by our Supreme Court in *Hicks v. Albertson*, 284 N.C. 236, 239, 200 S.E. 2d 40, 42 (1973).

> "The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations."

It remains a fact, however, as set out in the express language of the statute, that the allowance of fees is in the discretion of the presiding judge. Upon examining the record in this case, we cannot say that the judge abused his discretion in denying the award of fees. Defendant's insurance carrier communicated an offer of settlement to plaintiff in the amount of $200.00, just $50.00 less than the ultimate damage award at trial. We perceive of no exercise of any unjustly superior bargaining power on the part of the defendant. While the statute is aimed at encouraging injured parties to press their meritorious but pecuniarily small claims, we do not believe that it was intended to encourage parties to refuse reasonable settlement offers and give rise to needless litigation by guaranteeing that counsel will, in all cases, be compensated.

Therefore we hold that plaintiff has shown no abuse of discretion by the trial judge. The judgment denying plaintiff's motion for an award of attorney fees is

Affirmed.

Judges MARTIN and CLARK concur.