MARY ANN EPPS, PLAINTIFF-APPELLEE v. FLOYD DALE EWERS, DEFENDANT-APPELLANT

No. 887SC90

(Filed 21 June 1988)

1. Attorneys at Law § 7.5— settlement close to defendant's original proposal—award of attorney's fees—no abuse of discretion

The trial court did not abuse its discretion in an action arising from an automobile accident by awarding attorney's fees to plaintiff where plaintiff's counsel had made an initial demand for $15,000, rejected an offer of $4,630.55, filed this action, and settled for $6,501. The amount of the final settlement is irrelevant, and there is nothing in the record to suggest that plaintiff or her counsel were guilty of bad faith in conducting the settlement negotiations.

2. **Attorneys at Law §§ 7.1, 7.5— attorney's fees as costs—contingent fee contract—findings insufficient**

> The trial court's findings were not sufficient to support an award of attorney's fees under N.C.G.S. § 6-21.1 where the court found that plaintiff's attorney provided good and valuable services, that the reasonable value of the services was $2,000, and that plaintiff's fee contract with her attorney provided for a contingent fee of one-third the damage award. The amount of the award must be supported by some finding as to the quality and quantity of services rendered by plaintiff's counsel with the amount of the fee based upon the actual work performed by the attorney. A contingent fee contract does not control the court's determination.

APPEAL by defendant from *Phillips (Herbert O., III), Judge.* Order entered 31 August 1987 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 2 June 1988.

Plaintiff instituted this action to recover for personal injuries she suffered in an automobile accident. Plaintiff's complaint alleged damages in excess of $10,000.00. After defendant filed an answer, plaintiff accepted defendant's offer of judgment in the amount of $6,501.00, but plaintiff's motion for attorney's fees pursuant to G.S. 6-21.1 was reserved for hearing at a later date. After a hearing on the matter, the trial court entered an order awarding plaintiff attorney's fees in the amount of $2,000.00. From this order, defendant appeals.

*Moore, Diedrick, Carlisle and Hester, by Sam Q. Carlisle, II, for plaintiff-appellee.*

*Battle, Winslow, Scott and Wiley, P.A., by J. Brian Scott and M. Greg Crumpler, for defendant-appellant.*

PARKER, Judge.

Defendant brings forward two assignments of error regarding the trial court's award of attorney's fees to plaintiff. First, defendant contends that the trial court abused its discretion in awarding attorney's fees under the facts of this case. Second, defendant contends that the trial court's findings of fact are not sufficient to support the award.

By statute, the trial court has the discretion to award reasonable attorney's fees in any personal injury suit where damages are recovered in an amount of $10,000.00 or less. G.S. 6-21.1. Attorney's fees may be awarded pursuant to G.S. 6-21.1 even when

the damages are recovered by settlement prior to trial. *Hicks v. Albertson*, 284 N.C. 236, 200 S.E. 2d 40 (1973). The award will not be overturned absent a showing that the trial court abused its discretion. *Hillman v. United States Liability Ins. Co.*, 59 N.C. App. 145, 155, 296 S.E. 2d 302, 309 (1982), *disc. rev. denied*, 307 N.C. 468, 299 S.E. 2d 221 (1983).

[1] Defendant contends that plaintiff's conduct in this case required the trial court to deny her motion for attorney's fees. In opposition to plaintiff's motion, defendant submitted the uncontradicted affidavit of the claims supervisor for defendant's insurance carrier. The claims supervisor averred that, before this action was filed, plaintiff's counsel made a written demand on defendant's insurer for $15,000.00, the claims supervisor then made a counterproposal of $4,630.55, and plaintiff's counsel rejected the counterproposal and filed this action. Defendant argues that, because the final settlement amount of $6,501.00 was reasonably close to the amount of the counterproposal, plaintiff's rejection of the counterproposal was unreasonable and precludes her from obtaining an award of attorney's fees.

Defendant's argument is without merit. There is nothing in the record to indicate that plaintiff or her counsel were guilty of bad faith in conducting the settlement negotiations. The amount of the final settlement is irrelevant. This Court has affirmed an award of attorney's fees under G.S. 6-21.1 where the accepted offer of judgment was for an amount less than the insurer's original offer. *Yates Motor Co. v. Simmons*, 51 N.C. App. 339, 343-44, 276 S.E. 2d 496, 498-99, *disc. rev. denied*, 303 N.C. 320, 281 S.E. 2d 660 (1981). Defendant's reliance on *Harrison v. Herbin*, 35 N.C. App. 259, 241 S.E. 2d 108, *cert. denied*, 295 N.C. 90, 244 S.E. 2d 258 (1978) is misplaced. In *Harrison*, the Court merely held that the trial court had discretion to deny a motion for attorney's fees where it appeared that the plaintiff had rejected a reasonable settlement offer and forced the defendant to go to trial. *Id.* Defendant here has failed to show that the trial court abused its discretion, and the assignment of error is overruled.

[2] Defendant next contends that the trial court's findings of fact were insufficient to support the award. Because G.S. 6-21.1 defines the circumstances under which attorney's fees may be awarded, the trial court is not required to make specific findings

as to the plaintiff's entitlement to such an award. *Hill v. Jones*, 26 N.C. App. 168, 170, 215 S.E. 2d 168, 170, *cert. denied*, 288 N.C. 240, 217 S.E. 2d 664 (1975). At a minimum, however, the amount of the award must be supported by some findings as to the quality and quantity of services rendered by plaintiff's counsel. *Id.; see also Morris v. Bailey*, 86 N.C. App. 378, 387, 358 S.E. 2d 120, 125-26 (1987) (attorney's fees pursuant to G.S. 75-16.1).

In this case, the only findings of fact in support of the amount of the award are that plaintiff's attorney "provided good and valuable services"; that the reasonable value of the services provided by plaintiff's attorney is $2,000.00; and that plaintiff's fee contract with her attorney provided for a contingent fee of one-third of the damage award. We agree with defendant that these findings are not sufficient to support the award.

Except for the finding as to the fee contract, the trial court's findings are conclusory and clearly inadequate to support the award. The trial court may properly consider the customary fee for similar work and whether the fee is fixed or contingent when determining the amount of a statutory award of attorney's fees. *Redevelopment Comm. v. Hyder*, 20 N.C. App. 241, 245-46, 201 S.E. 2d 236, 239 (1973). This Court has twice held, however, that a contingent fee contract does not control the trial court's determination and, when a statute provides for a "reasonable" fee, the amount of the fee should be based upon the actual work performed by the attorney. *Bandy v. City of Charlotte*, 72 N.C. App. 604, 608-09, 325 S.E. 2d 17, 20-21, *disc. rev. denied*, 313 N.C. 596, 330 S.E. 2d 605 (1985); *Redevelopment Comm. v. Hyder, supra.*

The trial court in this case made no findings regarding the actual work performed by plaintiff's attorney. Accordingly, the award of attorney's fees is vacated and the case remanded for findings of fact to determine reasonable attorney's fees.

Vacated and remanded.

Judges JOHNSON and COZORT concur.