BENNY BENTON, PLAINTIFF v. HUGH CLIFTON THOMERSON, JR., DEFENDANT AND THIRD-PARTY PLAINTIFF v. CLAUDE E. McCLAIN, THIRD-PARTY DEFENDANT

No. 9212SC1069

(Filed 18 January 1994)

1. **Costs § 35 (NCI4th)— attorney's fees under N.C.G.S. § 6-21.1—settlement not bar**

    A settlement in and of itself does not bar a claim for attorney's fees under N.C.G.S. § 6-21.1.

    **Am Jur 2d, Costs §§ 72-86.**

2. **Costs § 35 (NCI4th); Compromise and Settlement § 7 (NCI4th)— timely and reasonable settlement by insurance company— finding of unwarranted refusal to settle error—award of attorney's fees improper**

    Where the record revealed that plaintiff's insurance company settled with defendant within four months of the accident in question and for a reasonable amount, as evidenced by the similarity between the jury verdict and the settlement amount, and defendant's counsel admitted that he was aware of the settlement and brought the counterclaim in order to get plaintiff to plead the prior settlement as a defense, thereby ratifying the conduct of his insurance company and causing his claim for contribution to be barred, the trial court abused its discretion in concluding that there had been an unwarranted refusal to settle and in awarding attorney's fees pursuant to N.C.G.S. § 6-21.1.

    **Am Jur 2d, Costs §§ 72-86.**

3. **Pleadings § 61 (NCI4th)— third-party complaint filed two weeks before trial—improper purposes—sanctions proper**

    It could reasonably be inferred from plaintiff's filing of a third-party complaint two weeks before trial that the com-

plaint was filed for an improper purpose such as to delay trial or to increase the costs of litigation, since plaintiff had ample opportunity to file his third-party complaint at an earlier date, if he had chosen to do so; therefore, the trial court did not err in awarding Rule 11 sanctions against plaintiff's attorney.

**Am Jur 2d, Pleading § 339.**

Judge MARTIN concurring in part and dissenting in part.

Appeal by defendant and third-party plaintiff from order entered 22 April 1992 and judgment entered 18 May 1992 by Judge Coy E. Brewer in Cumberland County Superior Court. Heard in the Court of Appeals 30 September 1993.

*Hedrick, Eatman, Gardner & Kincheloe, by R. Gregory Lewis, for defendant and third-party plaintiff.*

*Rose, Ray, Winfrey & O'Connor, P.A., by Ronald E. Winfrey, for third-party defendant.*

LEWIS, Judge.

The facts giving rise to this appeal reveal that on 31 December 1988, a pick-up truck driven by Hugh Clifton Thomerson, Jr. ("plaintiff") collided with another pick-up truck driven by Claude E. McClain ("defendant"). At the time of the accident, Benny Benton ("Benton") was a passenger in defendant's vehicle and suffered injuries as a result of the accident. On 6 April 1990, Benton initiated an action against plaintiff, claiming that plaintiff had operated his vehicle in a negligent manner by crossing the center line of an unpaved road and striking the vehicle in which he was a passenger. In his answer of 11 May 1990, plaintiff denied the allegations of negligence and sought to have the complaint dismissed. Discovery followed and the case was set for trial on 4 March 1991. On 15 February 1991, approximately two weeks prior to trial, plaintiff filed a third-party complaint alleging that if he was liable, which he denied, then he should be entitled to contribution because defendant was also negligent. In asserting his right to contribution, plaintiff claimed that he was parked on the side of the road and that it was defendant who was negligent in crossing the center line and striking his vehicle. Upon receipt of the third-party com-

BENTON v. THOMERSON

[113 N.C. App. 293 (1994)]

plaint, defendant counterclaimed for the property damage caused to his truck as the result of plaintiff's negligence.

This matter came on for trial during the 24 February 1992, civil session of Superior Court for Cumberland County. Although the issues presented by this appeal arise out of a third-party complaint, the original plaintiff, Benny Benton, is not a party to this appeal. Thus, for the sake of simplicity, Hugh Clifton Thomerson, Jr., the defendant and third-party plaintiff, will be referred to throughout as "plaintiff" and Claude E. McClain, the third-party defendant, will be referred to as "defendant." Upon hearing all the evidence, the jury found plaintiff negligent and returned verdicts in favor of Benton for $15,000.00 and in favor of defendant for $1,000.00. As part of the entry of judgment, the trial court, in its discretion, awarded attorney's fees against plaintiff pursuant to N.C.G.S. § 6-21.1 because of his insurance company's unwarranted refusal to settle defendant's counterclaim. The trial court found $8,810.00 to be a reasonable attorney's fee and ordered plaintiff to pay that amount to defendant.

Thereafter, plaintiff filed a motion for relief from judgment pursuant to Rule 60 of the North Carolina Rules of Civil Procedure. As part of his motion plaintiff alleged that his insurance company had in fact made a property settlement with defendant in the amount of $1,160.00, and, therefore, there had been no unwarranted refusal to settle. Plaintiff further argued that counsel for the defendant had been aware of the settlement and had tried to convince plaintiff to plead the settlement, which would have barred plaintiff's claim. Plaintiff argued that this constituted a fraud upon the court and misconduct on the part of defendant's counsel entitling him to relief from judgment. A hearing was held on plaintiff's Rule 60(b) motion on 18 May 1992, at which time the trial court amended its previous order and reduced the amount of attorney's fees from $8,810.00 to $1,000.00.

In addition, defendant also moved for Rule 11 sanctions against plaintiff's counsel, Philip R. Hedrick ("Hedrick"), on the basis that the claim for contribution was not well-grounded in law or fact and that it was filed for an improper purpose. The trial court agreed and awarded sanctions against Hedrick in the amount of $8,810.00, which represented the reasonable attorney's fees incurred by defendant as a result of the third-party complaint. Both plaintiff and Hedrick have given timely notice of appeal to this Court.

**[1]** The first issue we address is whether or not the trial court erred in awarding attorney's fees pursuant to N.C.G.S. § 6-21.1. This statute provides in pertinent part that:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C.G.S. § 6-21.1 (1986). The purpose of this statute is to enable an individual to bring suit when that individual has been damaged in an amount so small that it otherwise would not be feasible to bring suit because of the restrictive attorney's fees involved. *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973). Attorney's fees awarded under N.C.G.S. § 6-21.1 are awarded in the discretion of the trial judge and will be reversed only upon a showing of abuse of discretion. *Hillman v. United States Liab. Ins. Co.*, 59 N.C. App. 145, 296 S.E.2d 302 (1982), *disc. review denied*, 307 N.C. 468, 299 S.E.2d 221 (1983). Despite plaintiff's contention to the contrary, attorney's fees may even be awarded when damages are recovered by settlement prior to trial. *Epps v. Ewers*, 90 N.C. App. 597, 369 S.E.2d 104 (1988). As stated by the Supreme Court in *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973), to hold that the term "presiding judge" indicates an intention on the part of the legislature that no attorney's fees are allowed in a case settled prior to trial would be too strict a construction. Otherwise, a party claiming attorney's fees would be required to insist that the case proceed to trial, thereby increasing the amount of attorney's fees. Thus, it is clear that a settlement in and of itself does not bar a claim for attorney's fees under N.C.G.S. § 6-21.1.

**[2]** The critical language in N.C.G.S. § 6-21.1 is that there must have been an "unwarranted refusal" to settle. In deciding whether there was an unwarranted refusal to settle it is important to consider the context in which the dispute arose. The record reveals

that on 13 April 1989, plaintiff's insurance company paid defendant $1,160.00 in full payment for his property damages arising out of the 31 December 1988 accident. Thus, the settlement took place prior to plaintiff's filing his third-party complaint against defendant and prior to defendant's counterclaim for the same property damages. Counsel for defendant was aware of the settlement and admitted that it was his goal in bringing the counterclaim for plaintiff to plead the prior settlement as a defense. By doing so, plaintiff would have ratified the conduct of his insurance company and his claim for contribution would have been barred. *See McKinney v. Morrow*, 18 N.C. App. 282, 196 S.E.2d 585, *cert. denied*, 283 N.C. 665, 197 S.E.2d 874 (1973). However, plaintiff was aware of defendant's ploy and did not plead the settlement as a defense. Defendant's counsel then took the position that since plaintiff had not pled the settlement, that affirmative defense was waived and defendant was entitled to maintain his counterclaim for property damages despite the prior settlement. Once he obtained a jury verdict on his counterclaim, defendant also sought a recovery of attorney's fees.

On the facts of this case, we find that there has been no unwarranted refusal to settle as that term is used in N.C.G.S. § 6-21.1. Although zealous in his representation of defendant, to allow defendant's counsel an award of attorney's fees on these facts would amount to manifest injustice. The record reveals that plaintiff's insurance company settled with defendant within four months of the accident and for a reasonable amount, as evidenced by the similarity between the jury verdict and the settlement amount. It is only the unusual circumstances of this case which make its resolution difficult. Regardless of whether there has been a settlement, there may be counsel who will nevertheless counterclaim for damages that have already been recovered.

This Court has previously recognized the risks and pitfalls involved in deciding whether to raise a prior settlement as a defense. In *McKinney v. Morrow*, 18 N.C. App. 282, 196 S.E.2d 585, *cert. denied*, 283 N.C. 665, 197 S.E.2d 874 (1973), the plaintiff sued for injuries arising out of an automobile accident. When the defendant counterclaimed for his own injuries, the plaintiff raised the prior settlement as a bar to defendant's counterclaim. The defendant then amended his answer to allege that the plaintiff had ratified the settlement, barring plaintiff's claim. On appeal, this Court agreed and set forth the options which a plaintiff has in deciding whether or not to plead a prior settlement. If the plaintiff pleads the prior

settlement or moves to strike the defendant's counterclaim then he has ratified the actions of his insurance company. *Id.* at 284, 196 S.E.2d at 587. The reason for this is that when an insurance company makes a settlement, it is binding on the insured if the insured consents or ratifies the settlement. *Id.* In the event the plaintiff does not plead the prior settlement, he preserves his claim, but at the same time he assumes the risk of having to pay a judgment without the benefit of liability insurance. *Id.* The only benefit afforded the plaintiff is the fact that the amount of any judgment must be diminished by the amount of the settlement already paid. *Id.*

Although the plaintiff may have to pay more money on a claim that has already been settled, we do not think that he should be penalized a third time in having to pay attorney's fees. Just because strategic reasons prevented plaintiff from raising the settlement as a bar to defendant's counterclaim, we do not think that this should prevent his raising the settlement in response to defendant's motion for attorney's fees. The rationale which prevented plaintiff from raising the settlement as a defense to defendant's counterclaim simply does not apply in the context of a motion for attorney's fees under N.C.G.S. § 6-21.1. Plaintiff did settle the property damages with defendant and we find that this settlement was made in a reasonable time. We hold that the trial court abused its discretion in concluding that there had been an unwarranted refusal to settle and we vacate the trial court's award of attorney's fees. We also take note that there is nothing in the record to indicate that the judgment against plaintiff was diminished by the amount of the settlement. Since the jury verdict in favor of defendant was less than the amount of the settlement, defendant should not have been entitled to any recovery on the judgment.

[3] The next issue we address is whether the trial court erred in awarding Rule 11 sanctions against Hedrick. After the jury ruled against plaintiff, defendant brought a motion for Rule 11 sanctions. The trial court agreed and awarded sanctions in the amount of $8,810.00. In its order awarding sanctions, the trial court concluded that to the best of Hedrick's knowledge, the third-party complaint was not well-grounded in law, was not well-grounded in fact, and was filed for an improper purpose. Having reviewed the record, we agree with the trial court and affirm its award of sanctions.

In reviewing a trial court's decision to either grant or deny sanctions, this Court applies a *de novo* standard. *Turner v. Duke Univ.*, 325 N.C. 152, 381 S.E.2d 706 (1989). As part of its *de novo* review, this Court must determine "(1) whether the trial court's conclusions of law support its judgment . . . , (2) whether the trial court's conclusions of law are supported by its findings of fact, and (3) whether the findings of fact are supported by a sufficiency of evidence." *Id.* If these three questions are answered in the affirmative then this Court must uphold the decision of the trial court. *Id.* It is now well established that there are three separate and distinct issues to Rule 11: 1) legal sufficiency; 2) factual sufficiency; and 3) improper purpose. *Bryson v. Sullivan*, 330 N.C. 644, 412 S.E.2d 327 (1992). A violation of any one of these three is sufficient to support sanctions under Rule 11. *Id.*

An improper purpose has been defined as one other than to vindicate rights or to put claims to a proper test. *See Mack v. Moore*, 107 N.C. App. 87, 418 S.E.2d 685 (1992). The duty under the improper purpose prong of Rule 11 is a continuing one, *Bryson* at 658, 412 S.E.2d at 334, and the burden is on the moving party to prove that an improper purpose exists. *Mack* at 93, 418 S.E.2d at 689. In deciding whether an improper purpose is present this Court must look to the objective behavior of the offender to determine if an improper purpose can be inferred. *Id.* The subjective beliefs of the aggrieved party are irrelevant. *Taylor v. Taylor Prods. Inc.*, 105 N.C. App. 620, 414 S.E.2d 568 (1992), *overruled on other grounds by Brooks v. Giesey*, 334 N.C. 303 (1993). By way of illustration this Court has stated that an improper purpose can be inferred from the service of excessive, successive or repetitive papers, by filing excessive lawsuits which would otherwise be barred by res judicata, by filing numerous dispositive motions when trial is imminent, by filing meritless papers by an attorney with extensive experience, or by filing suit when no basis exists other than a fishing expedition. *Mack* at 93, 418 S.E.2d at 689. Thus, this Court will look to see whether the purpose of the offender's conduct was intended to harass, persecute, or otherwise to vex his opponent or to cause unnecessary cost or delay. *Bryson* at 663, 412 S.E.2d at 337. Whether or not the offender's conduct achieves these results is immaterial. *Mack* at 93, 418 S.E.2d at 689.

In this case the trial court concluded that plaintiff's third-party complaint was filed for an improper purpose because it was intended to harass and cause unnecessary delay and costs. In support

of this conclusion the trial court found as fact that the original trial date was set for 4 March 1991, and that plaintiff filed his third-party complaint on 18 February 1991, approximately two weeks prior to trial. In addition, the trial court found that before plaintiff filed his third-party complaint he was on notice that all discovery was to be completed by 15 January 1991 and that no further continuances would be granted except for unforeseen circumstances. Plaintiff argues, and the trial court found, that plaintiff filed his third-party complaint after having reviewed the deposition of Benton. However, the record reveals that Benton was deposed on 28 September 1990, almost five months prior to when plaintiff filed his third-party complaint.

Given these facts we find that it can reasonably be inferred from plaintiff's objective conduct that the third-party complaint was filed for an improper purpose such as to delay trial or to increase the costs of litigation. In reaching this decision we are guided by *Turner v. Duke Univ.*, 325 N.C. 152, 381 S.E.2d 706 (1989). There, the Supreme Court held that an improper purpose could be inferred from the noticing of depositions six days prior to trial when the depositions would require extensive travel. We find that the same rationale applies here because the addition of a new party so close to trial by necessity will require further discovery and prolong the litigation. This is not to take away plaintiff's right to implead additional parties, but plaintiff had ample opportunity to review Benton's deposition and to file his third-party complaint at an earlier date if he chose to do so. The fact that he waited until the eve of trial to bring his third-party complaint leads to the inescapable conclusion that it was filed for an improper purpose.

In his defense, plaintiff asserts that it was actually Benton that sought to continue the trial. Although this is true, we are not persuaded by this argument. Benton was the party who sought the continuance, but his action was necessitated by plaintiff and was a reasonably foreseeable consequence of plaintiff's third-party complaint. If Benton had not been the one to seek a continuance, then defendant would have done so because it would have been unreasonable for him to have to prepare for trial in two weeks. Either way, plaintiff achieved his objective of delaying the trial. Therefore, we find that plaintiff filed his third-party complaint for an improper purpose and we affirm the trial court's conclusion of law to that effect. Having found that plaintiff violated the im-

BENTON v. THOMERSON

[113 N.C. App. 293 (1994)]

proper purpose prong of Rule 11, we find that this is sufficient to affirm the trial court's award of sanctions and we see no reason to examine the other two prongs of Rule 11. Accordingly, the order of the trial court awarding sanctions against Hedrick is affirmed.

Reversed in part and affirmed in part.

Judge WELLS concurs.

Judge MARTIN concurs in part and dissents in part.

Judge MARTIN concurring in part and dissenting in part.

I concur in the decision of the majority to vacate the trial court's award of attorney's fees in favor of third-party defendant. However, I must respectfully dissent from the majority's decision to uphold the award of Rule 11 sanctions against Philip R. Hedrick, counsel for defendant and third party plaintiff.

The trial court concluded that the third-party complaint was not well grounded in law or in fact, that Hedrick's conduct in researching and filing the pleading was not objectively reasonable, and that the pleading was filed for an improper purpose. In my view, neither the trial court's findings of fact nor a sufficiency of the evidence support these conclusions. *See Turner v. Duke University*, 325 N.C. 152, 381 S.E.2d 706 (1989), (*de novo* review of decision with respect to the imposition of sanctions requires determination of whether trial court's conclusions of law support its decision, whether the conclusions of law are supported by the findings of fact, and whether the findings of fact are supported by sufficient evidence).

The third party complaint denied negligence on the part of defendant, alleged the third party defendant's sole negligence as a bar to plaintiff's recovery from defendant, and, alternatively, alleged that if defendant was negligent, the third party defendant was also negligent. Construed liberally as required by G.S. § 1A-1, Rule 8; *Gore v. Ball, Inc.*, 279 N.C. 192, 182 S.E.2d 389 (1971), the third-party complaint was sufficient to allege sole negligence on the part of the third party defendant so as to support a claim for indemnity as well as an alternative claim for contribution based on concurring negligence. Thus, the third party complaint was warranted by the existing law as set forth in *Clemmons v. King*,

265 N.C. 199, 143 S.E.2d 83 (1965). The factual information which had been previously developed through discovery was at least sufficient to provide a basis for the allegations. Thus, I am unable to say that Hedrick's conduct in researching and filing this pleading was objectively unreasonable.

Nor can I agree with the majority that the evidence leads to the "inescapable conclusion" that the filing of the third-party complaint was for an improper purpose. The totality of the circumstances in this case does not infer the objectively strong level of improper conduct on Hedrick's part intended to be punished by Rule 11 sanctions. *Mack v. Moore*, 107 N.C. App. 87, 418 S.E.2d 685 (1992). The third party complaint was filed within the time by which the trial court ordered the pleadings to be closed. While the filing of the pleading may have contributed to a delay in the trial, it was not the only reason for the delay. Plaintiff requested the continuance partly because of the filing of the third party complaint and partly because he was continuing to receive treatment for injuries sustained in the accident and was to obtain an additional medical examination which could not be completed before the scheduled trial date. It is significant that plaintiff has never objected to the filing of the third party complaint nor has he alleged that he was delayed, harassed, or occasioned any additional expense of litigation by reason thereof.

Because I believe that Rule 11 sanctions were improperly awarded against Philip R. Hedrick, I dissent from that portion of the majority opinion upholding the award.