BENNY BENTON, Plaintiff v. HUGH CLIFTON THOMERSON, JR., Defendant and Third-Party Plaintiff v. CLAUDE E. McCLAIN, Third-Party Defendant

No. 78A94

(Filed 10 February 1995)

**Pleadings § 63 (NCI4th)— third-party complaint—reversal of sanctions against attorney**

The Court of Appeals decision affirming the trial court's award of Rule 11 sanctions against defendant's attorney on the grounds that a claim for contribution alleged in a third-party complaint was not well-grounded in law or fact and was filed for

BENTON v. THOMERSON

[339 N.C. 598 (1995)]

an improper purpose is reversed for the reasons stated in the dissenting opinion in the Court of Appeals.

**Am Jur 2d, Pleading § 339.**

**Comment Note.—General principles regarding imposition of sanctions under Rule 11, Federal Rules of Civil Procedure. 95 ALR Fed. 107.**

Appeal by defendant and third-party plaintiff Hugh Clifton Thomerson, Jr., pursuant to N.C.G.S. § 7A-30(2), from the decision of a divided panel of the Court of Appeals, 113 N.C. App. 293, 438 S.E.2d 434 (1994), reversing in part an order entered 22 April 1992 by Brewer, J., in the Superior Court, Cumberland County. Heard in the Supreme Court 13 January 1995.

*Hedrick, Eatman, Gardner & Kincheloe, by Jack A. Gardner, III and Kimberly M. Quade, for defendant and third-party plaintiff.*

*Rose, Ray, Winfrey, O'Connor & Leslie, P.A., by Ronald E. Winfrey and Pamela S. Leslie, for third-party defendant.*

PER CURIAM.

This action arises out of an automobile accident that occurred when a vehicle driven by Hugh Clifton Thomerson, Jr. collided with a vehicle driven by Claude E. McClain. Benny Benton, a passenger in Thomerson's vehicle, was injured as a result of the accident. On 6 April 1990, Benton filed an action against Thomerson alleging Thomerson was negligent in operating his vehicle. Prior to this action coming on for trial, Thomerson filed a third-party complaint against Claude E. McClain alleging that if Thomerson were liable, which Thomerson denied, then he was entitled to contribution from McClain because McClain was also negligent. McClain counterclaimed against Thomerson for the property damage to his vehicle.

Following a trial, the jury returned a verdict in favor of Benton for $15,000.00 and also in favor of third-party defendant McClain for $1,000. In addition, the trial court awarded attorney's fees against third-party plaintiff Thomerson pursuant to N.C.G.S. § 6-21.1 based on a finding of an unwarranted refusal to settle by Thomerson's insurance company, and ordered Thomerson to pay McClain attorney's fees in the amount of $8,810.00. Thomerson filed a motion for

relief from judgment pursuant to N.C.R. Civ. P. 60 alleging in part that his insurance company had in fact settled with McClain for property damage. Following a hearing on Thomerson's motion, the trial court reduced the amount of attorney's fees to $1,000.00.

In addition, McClain moved for Rule 11 sanctions against Thomerson's counsel, Philip R. Hedrick, on the bases that the claim for contribution alleged in the third-party complaint was not well-grounded in law or fact and was filed for an improper purpose. The trial court awarded sanctions against Hedrick in the amount of $8,810.00. Thomerson appealed the trial court's decision to the Court of Appeals assigning as error the trial court's award of sanctions and attorney's fees.

The Court of Appeals unanimously reversed the trial court's award of attorney's fees on the ground that Thomerson's insurance company did settle the property damages with McClain and that the trial court's finding of an unwarranted refusal to settle by the insurance company was an abuse of discretion. A majority of the Court of Appeals affirmed the Rule 11 sanctions against Hedrick based on its finding that Thomerson filed the third-party complaint for an improper purpose. Judge Martin dissented from the part of the decision affirming sanctions.

Based on Judge Martin's dissent, third-party defendant Thomerson appealed to this Court the issue of Rule 11 sanctions against his attorney Philip Hedrick. The only question before us is, therefore, whether the Court of Appeals properly affirmed the trial court's award of Rule 11 sanctions against Hedrick. For the reasons stated in the dissenting opinion for the Court of Appeals, we conclude that the decision of the Court of Appeals should be reversed on that issue.

REVERSED.