LARITA WASHINGTON, CYNTHIA WASHINGTON, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR TENNELL WASHINGTON AND JERMAINE WASHINGTON, PLAINTIFFS V. VIRGINIA WIGGINS HORTON, DEFENDANT

No. COA98-909

(Filed 16 February 1999)

**Costs— attorney fees—enumerated factors—interest**

A written judgment awarding attorney fees to plaintiff was remanded where defendant had filed a motion asking the court to reconsider its prior oral order awarding attorney fees and the court neither received evidence nor heard arguments on defendant's motion for reconsideration, although that motion raised several issues which should have been resolved by the trial court in order that it might properly exercise its discretion. Moreover, the court erred by including a provision for prejudgment and post-judgment interest in the award; attorney fees awarded pursuant to N.C.G.S. § 6-21.1 are taxed as part of court costs and there is no provision for interest on court costs.

Appeal by defendant from judgment entered 9 June 1998 by Judge Coy E. Brewer in Cumberland County Superior Court. Heard in the Court of Appeals 18 January 1999.

WASHINGTON v. HORTON

[132 N.C. App. 347 (1999)]

In December of 1996, plaintiffs filed a complaint alleging that they were injured in an automobile collision due to defendant's negligence and sought compensatory damages in excess of $10,000.00. On 17 March 1997, defendant served offers of judgment pursuant to Rule 68(a) of the North Carolina Rules of Civil Procedure on each of the plaintiffs. The offers, which totaled $5,573.21, were rejected by the plaintiffs. On 1 October 1997, defendant made additional offers of judgment to each of the plaintiffs in the total amount of $8,004.00. Plaintiffs did not accept the offers and the case proceeded to trial. A jury returned verdicts against defendant and awarded plaintiffs the total sum of $3,782.31. On 20 January 1998, plaintiffs moved for reasonable attorney fees pursuant to N.C. Gen. Stat. § 6-21.1 (1997).

On 9 February 1998, the trial court orally entered an order awarding attorney fees to plaintiffs' counsel. Defendant filed a motion on 19 February 1998, asking that the trial court reconsider its order with respect to attorney fees. It does not appear from the record that the trial court ruled on defendant's motion. On 9 June 1998, the trial court signed a written judgment, which included the following findings with regard to attorney fees:

2. That the Defendant filed Offer of Judgments in this matter on or about September 26, 1997.

3. That the Plaintiff's [*sic*] attorney had expended a reasonable amount of time in this case up to September 26, 1997, expending approximately 37.5 hours.

4. That the Plaintiff's [*sic*] attorney has usual and normal and reasonable fees in representation of matters of this type with an hourly rate of $150.00 per hour.

5. That the plaintiffs' attorney had reasonably expended 37.5 hours as of September 26, 1997, when the last Offer of Judgments in this matter were tendered. The reasonable attorneys fees at that time was $5,632.50.

6. That after this matter had been scheduled for trial and not heard and then finally reached for trial in January of 1998, the Plaintiffs' attorney had reasonably expended a total of 67.85 hours.

7. That the amount of time expended as of the Offer of Judgments in this Superior Court case was quite reasonable.

Based on these findings of fact, the trial court concluded that plaintiffs were entitled to a final judgment based on the jury verdict and an award of attorney fees, and ordered the following:

1. That the Plaintiff shall have and recover of the Defendant a sum of $1282.74 for Larita Faye Washington; $977.19 for Plaintiff, Cynthia Washington; $761.19 for the minor Plaintiff Tenell Washington; and $761.19 for the minor Plaintiff Jermaine Washington, together with pre-judgment and post-judgment interest at the rate of 8% per annum until paid.

2. It is further ordered that the Plaintiff's [*sic*] attorney shall have and recover of this Defendant attorney's fees in the amount of $4,000.00, together with pre-judgment and post-judgment interest at the rate of 8% per annum until paid.

Defendant appealed, contending that the trial court abused its discretion in the award of attorney fees.

*Walen & McEniry, P.A., by K. Lee McEniry, for plaintiff appellees.*

*Walker, Barwick, Clark & Allen, L.L.P., by Jerry A. Allen, Jr., and Gay Parker Stanley, for defendant appellant.*

HORTON, Judge.

As a general rule, in the absence of some contractual obligation or statutory authority, attorney fees may not be recovered by the successful litigant as damages or a part of the court costs. *Hicks v. Albertson,* 284 N.C. 236, 238, 200 S.E.2d 40, 42 (1973). In 1959, however, the North Carolina General Assembly enacted legislation now codified as N.C. Gen. Stat. § 6-21.1 which provided for an award of attorney fees as part of the costs in certain cases. After an amendment in 1963, the statute read as follows:

In any personal injury or property damage suit instituted in a court of record, where the judgment for recovery of damages is one thousand dollars ($1,000.00) or less [now $10,000], the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

The rationale behind the statute was set forth in *Hicks,* in which our Supreme Court stated:

The obvious purpose of this statute is to provide relief for a person who has sustained injury or property damage in an amount so small that, if he must pay his attorney out of his recovery, he may well conclude that it is not economically feasible to bring suit on his claim. In such a situation the Legislature apparently concluded that the defendant, though at fault, would have an unjustly superior bargaining power in settlement negotiations. . . . This statute, being remedial, should be construed liberally to accomplish the purpose of the Legislature and to bring within it all cases fairly falling within its intended scope.

*Id.* at 239, 200 S.E.2d at 42.

In 1967, N.C. Gen. Stat. § 6-21.1 was amended so as to apply to actions brought against a named defendant insurance company by an insured or beneficiary under a policy issued by the defendant insurer. In order to recover against an insurance company, however, the amendment required that the trial court first find "an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit . . . ." *Id.* Our appellate courts have uniformly held that a finding of unwarranted refusal to pay a claim is required only in suits brought by an insured or a beneficiary against an insurance company defendant. *See Rogers v. Rogers*, 2 N.C. App. 668, 672, 163 S.E.2d 645, 648-49 (1968); *see also Yates Motor Co. v. Simmons*, 51 N.C. App. 339, 343, 276 S.E.2d 496, 498, *disc. review denied*, 303 N.C. 320, 281 S.E.2d 660 (1981). In the case *sub judice*, an insurance company was not a named defendant, hence there was no requirement that the trial court make an "unwarranted refusal" finding in order to award attorney fees.

Defendant argues that the trial court abused its discretion in awarding attorney fees in any amount to the plaintiffs' counsel. Defendant alleged in her 19 February 1998 motion for reconsideration of the attorney fees award that plaintiffs were offered a total of $10,402.00 prior to institution of the action but refused the offer. The record also indicates an offer of judgment to each of the plaintiffs on 14 March 1997 in the total amount of $5,573.21. Plaintiffs did not accept those offers. Defendant also alleges that she entered into mediation on 25 September 1997 in good faith and then offered the plaintiffs the total sum of $8,004.00 on 26 September 1997, which plaintiffs rejected. Defendant also alleged that the plaintiffs made excessive settlement demands ranging from $30,000.00 to $50,000.00 prior to verdict.

The allowance of attorney fees is in the discretion of the presiding judge, and may be reversed only for abuse of discretion. *McDaniel v. N.C. Mutual Life Ins. Co.*, 70 N.C. App. 480, 483, 319 S.E.2d 676, 678, *disc. review denied*, 312 N.C. 84, 321 S.E.2d 897 (1984). After a careful review of the record, we conclude that the award of attorney fees must be reversed and remanded to the trial court for reconsideration after a full hearing on the issues raised by defendant's motion to reconsider. First, we note that the trial court neither received evidence nor heard arguments on the defendant's motion for reconsideration, although that motion raised several issues which should have been resolved by the trial court in order that it might properly exercise its discretion in awarding attorney fees. Second, the trial court finds that an offer of judgment was made in September 1997, but makes no findings about the earlier offers of judgment in March 1997. Third, there is no finding about the fee arrangement between plaintiffs and their counsel. Finally, we note that in its judgment the trial court makes certain findings and then makes its attorney fee award "as a matter of law," rather than in the exercise of its discretion.

The discretion accorded the trial court in awarding attorney fees pursuant to N.C. Gen. Stat. § 6-21.1 is not unbridled. On remand, the trial court is to consider the entire record in properly exercising its discretion, including but not limited to the following factors: (1) settlement offers made prior to the institution of the action ["If a party wishes to avoid payment of attorney fee in cases to which G.S. 6-21.1 may be applicable, he should make his offer of settlement before the suit is instituted." *Hicks v. Albertson*, 18 N.C. App. 599, 601, 197 S.E.2d 624, 625, *aff'd*, 284 N.C. 236, 200 S.E.2d 40 (1973)]; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers [*Poole v. Miller*, 342 N.C. 349, 352, 464 S.E.2d 409, 411 (1995), *reh'g denied*, 342 N.C. 666, 467 S.E.2d 722 (1996)]; (3) whether defendant unjustly exercised "superior bargaining power" [*Hicks*, 284 N.C. at 239, 200 S.E.2d at 42]; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose." [*Benton v. Thomerson*, 113 N.C. App. 293, 296, 438 S.E.2d 434, 437 (1994), *rev'd on other grounds*, 339 N.C. 598, 453 S.E.2d 161 (1995)]; (5) the timing of settlement offers [*Hicks*, 284 N.C. at 241, 200 S.E.2d at 43]; (6) the amounts of the settlement offers as compared to the jury verdict [*Benton*, 113 N.C. App. at 298, 438 S.E.2d at 437-38]; and the whole record [*see Hillman*, 59 N.C. App. at 155, 296 S.E.2d at 309].

In *Harrison v. Herbin*, 35 N.C. App. 259, 241 S.E.2d 108 (1978), this Court affirmed the trial court's denial of attorney fees where the defendant had offered $200.00 to plaintiff prior to trial, and the jury returned a verdict of $250.00 for plaintiff. We stated in that case that

> [w]e perceive of no exercise of any unjustly superior bargaining power on the part of the defendant. While the statute is aimed at encouraging injured parties to press their meritorious but pecuniarily small claims, we do not believe that it was intended to encourage parties to refuse reasonable settlement offers and give rise to needless litigation by guaranteeing that counsel will, in all cases, be compensated.

*Id.* at 261, 241 S.E.2d at 109, *cert. denied*, 295 N.C. 90, 244 S.E.2d 258 (1978).

We also note that the trial court provided that the award of attorney fees included a provision for "pre-judgment and post-judgment interest at the rate of 8% per annum until paid." Attorney fees awarded pursuant to N.C. Gen. Stat. § 6-21.1 are taxed as part of the court costs pursuant to the express provisions of N.C. Gen. Stat. § 6-21 (1997). There is no provision for interest on court costs, however, and the trial court erred in that portion of its award. *See City of Charlotte v. McNeely*, 281 N.C. 684, 696, 190 S.E.2d 179, 188 (1972).

Reversed and remanded.

Chief Judge EAGLES and Judge McGEE concur.