WILLIAMS v. MANUS

[142 N.C. App. 384 (2001)]

━━━━━━━━━

TERESA B. WILLIAMS, PLAINTIFF/APPELLEE v. LISA A. MANUS AND TONY MANUS,
DEFENDANTS/APPELLANTS

No. COA00-261

(Filed 6 March 2001)

**Costs— attorney fees—award not supported by findings and
reason**

An award of attorney fees to plaintiff pursuant to N.C.G.S.
§ 6-21.1 was remanded where defendants in a personal injury

action arising from an automobile accident offered $501; plaintiff received a non-binding arbitration award of $3,500; defendant appealed the award and the jury returned a verdict of $62; plaintiff's counsel made a motion for attorney fees and costs and submitted an affidavit chronicling 73.5 hours devoted to the case; and the trial court held a hearing and entered an order awarding $5,000 in attorney fees and $848.72 in costs. The discretion to award attorney fees is not unbridled; the award here appears to be unsupported by reason in light of the court's failure to make any findings of fact and the jury verdict, the amount plaintiff sought to recover, plaintiff's contract for legal services, and the hourly rate counsel received.

Appeal by defendant Lisa A. Manus from order entered 1 December 1999 by Judge Christopher W. Bragg in Union County District Court. Heard in the Court of Appeals on 22 January 2001.

*Dean & Gibson, L.L.P., by Michael G. Gibson and Thomas G. Nance, for defendant appellant.*

*Culler & Culler, P.A., by Richard A. Culler, for plaintiff appellee.*

SMITH, Judge.

On 19 August 1997, Teresa B. Williams (plaintiff) was pulling away from a stop sign when a vehicle driven by Lisa A. Manus and owned by Tony Manus (defendants) struck the rear of her vehicle. Plaintiff made a claim for her alleged injuries to defendants' liability insurance carrier, but the claim was denied because the carrier determined that the impact was at too low a speed, and there was "no evidence to suggest that there would have been a sufficient amount of force from this contact to have caused injuries to anyone."

On 25 June 1998, plaintiff filed this action for personal injuries seeking damages "in excess of five thousand dollars ($5,000.00)." Defendants answered and served an offer of judgment in the amount of $501.00. On 30 October 1998, the parties appeared for non-binding arbitration and plaintiff was awarded $3,500.00. Defendant Lisa A. Manus appealed the award, and the case proceeded to trial. On 21 September 1999, the jury returned a verdict for plaintiff in the amount of $62.00.

Following the trial, counsel for plaintiff made a motion for attorney's fees and costs pursuant to N.C. Gen. Stat. § 6-21.1 (1999).

Counsel also submitted an affidavit chronicling 73.5 hours of time dedicated to plaintiff's case. A hearing was held on the motion, and the trial court entered an order awarding plaintiff's counsel $5,000.00 in attorney's fees and $848.72 in costs. Defendant appeals from the award of attorney's fees.

Defendant's sole argument on appeal is that the trial court erred in awarding $5,000.00 in fees to plaintiff's counsel. Defendant asserts that to allow an award of attorney's fees in this case where the jury verdict is so small and so far below the defendant's settlement offer, would be the equivalent of holding that the award of attorney's fees is guaranteed. Under these circumstances, defendant contends that plaintiffs and their counsel would be motivated to reject all reasonable settlement offers. Defendant additionally argues that the trial court failed to make findings of fact showing that it considered the several factors relating to the appropriateness of the award. *Culler v. Hardy*, 137 N.C. App. 155, 526 S.E.2d 698 (2000); *Washington v. Horton*, 132 N.C. App. 347, 513 S.E.2d 331 (1999).

After careful review of the record, briefs and contentions of the parties, we vacate and remand. Pursuant to N.C. Gen. Stat. § 6-21.1, attorney's fees may be allowed as part of court costs in certain cases. N.C. Gen. Stat. § 6-21.1 states:

> In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company and in which the insured or beneficiary is the plaintiff, upon a finding by the court that there was an unwarranted refusal by the defendant insurance company to pay the claim which constitutes the basis of such suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

Although the statute expressly states that attorney's fees are allowed in the discretion of the trial court, this discretion is not unbridled. When awarding attorney's fees, the trial court is required to consider and make findings of fact regarding the following factors:

> (1) settlement offers made prior to the institution of the action . . . ; (2) offers of judgment pursuant to Rule 68, and whether

the "judgment finally obtained" was more favorable than such offers; (3) whether defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose."; (5) the timing of settlement offers; (6) the amounts of the settlement offers as compared to the jury verdict; and the whole record.

*Horton*, 132 N.C. App. at 351, 513 S.E.2d at 334-35 (citations omitted). Here, however, the trial court made absolutely no findings in support of its award of attorney's fees.

We also note that the attorney's fees award might be considered unreasonable in light of the jury verdict, the amount plaintiff sought to recover from defendants, and plaintiff's contract for legal services with counsel. If one considers the hourly rate counsel received, however, the award might be unreasonably low.

This Court has stated:

"While the statute is aimed at encouraging injured parties to press their meritorious but pecuniarily small claims, we do not believe that it was intended to encourage parties to refuse reasonable settlement offers and give rise to needless litigation by guaranteeing that counsel will, in all cases, be compensated."

*Id.* at 352, 513 S.E.2d at 335 (quoting *Harrison v. Herbin*, 35 N.C. App. 259, 261, 241 S.E.2d 108, 109, *cert. denied*, 295 N.C. 90, 244 S.E.2d 258 (1978)). In light of the foregoing, and the trial court's failure to make any findings of fact to support its award of attorney's fees, the award appears to be unsupported by reason.

Accordingly, we hold the trial court erred in awarding attorney's fees to counsel for plaintiff without considering the guidelines established by *Horton*. Thus, the award of attorney's fees in the present case is reversed, and the case remanded to the trial court for further proceedings consistent herewith.

Reversed and remanded.

Chief Judge EAGLES and Judge HUDSON concur.