An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1243

NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

TAWANDA L. METTS,
    Plaintiff,

v.                                    Durham County
                                      No. 10 CVS 5717

PAMELA PARKINSON,
    Defendant.


Appeal by plaintiff from order entered 17 July 2013 by Judge Henry W. Hight, Jr., in Durham County Superior Court. Heard in the Court of Appeals 5 March 2014.

> *Taibi Kornbluth Law Group, P.A., by J. Michael Genest, for plaintiff-appellant.*

> *Law Offices of Robert E. Ruegger, by Robert E. Ruegger, for defendant-appellee.*


BRYANT, Judge.


Where plaintiff requests attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.1 the trial court may, upon consideration of the whole record and *Washington* factors, in its discretion award attorneys' fees.

On 22 September 2010, plaintiff Tawanda L. Metts filed a complaint against defendant Pamela Parkinson for negligence arising from a car accident between them. In her complaint plaintiff sought an award in excess of $10,000.00 plus court costs and attorneys' fees. On 31 May 2012, a jury awarded plaintiff $6,600.00.

On 7 June 2012, plaintiff filed a motion for attorneys' fees pursuant to N.C. Gen. Stat. §§ 6-21.1 and 7A-305. On 16 July, the trial court awarded plaintiff $2,200.00 in attorneys' fees and $1,907.77 in costs. Plaintiff appealed to this Court arguing that the amount of attorneys' fees awarded was not supported by proper findings of fact. This Court agreed and remanded to the trial court for findings of fact.[1]

On remand, the trial court made findings of fact but sustained its prior award of $2,200.00 in attorneys' fees to plaintiff. Plaintiff appeals.

_____

On appeal, plaintiff raises several issues regarding the manner in which the trial court determined the amount of attorneys' fees.

---

[1] *See Metts v. Parkinson*, No. COA12-1357, 2013 N.C. App. LEXIS 428 (May 7, 2013).

Plaintiff first argues that the trial court erred in failing to base its award of attorneys' fees on the hours worked by plaintiff's attorney and for the time spent preparing for plaintiff's appeal. We disagree.

We review a trial court's awarding of attorneys' fees for an abuse of discretion. *Blackmon v. Bumgardner*, 135 N.C. App. 125, 130, 519 S.E.2d 335, 338 (1999). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Id.* (citations omitted). "[T]he scope of appellate review . . . is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982) (citations omitted). A trial judge's determination to award attorneys' fees will not be overturned absent an abuse of discretion. *Whitfield v. Nationwide Mut. Ins. Co.*, 86 N.C. App. 466, 469, 358 S.E.2d 92, 94 (1987) (citation omitted).

Plaintiff first contends that the trial court erred in awarding attorneys' fees because it failed to follow the

requirements of N.C.G.S. § 6-21.1. Specifically, plaintiff argues that by imposing a "one-third contingency fee in this case, without regard to the actual hours worked and customary rate," the trial court has violated N.C.G.S. § 6-21.1.

North Carolina General Statutes, section 6-21.1., holds that:

> In any personal injury . . . suit, instituted in a court of record, where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant obtaining a judgment for damages in said suit, said attorney's fee to be taxed as a part of the court costs.

N.C.G.S. § 6-21.1 (2009).[2] A trial court's decision to award attorneys' fees pursuant to N.C.G.S. § 6-21.1 is not unbridled, however. *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 571, 551 S.E.2d 852, 856 (2001). In determining whether to award attorneys' fees,

> the trial court is to consider the entire record in properly exercising its discretion, including but not limited to the following factors: (1) settlement offers made prior to the institution of the action

---

[2] As plaintiff filed her complaint against defendant on 22 September 2010, the applicable version of N.C.G.S. § 6-21.1 is the 2009 version. N.C.G.S. § 6-21.1 was subsequently amended by 2011 N.C. Sess. Law 283, which applied to actions filed on or after 1 October 2011.

> []; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers []; (3) whether defendant unjustly exercised "superior bargaining power" []; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose" []; (5) the timing of settlement offers []; (6) the amounts of the settlement offers as compared to the jury verdict []; and the whole record [].

*Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334—35 (1999) (citations omitted). "If the trial court elects to award attorney fees, it must also enter findings of fact as to the time and labor expended, skill required, customary fee for like work, and experience or ability of the attorney based on competent evidence." *Thorpe*, 144 N.C. App. at 572, 551 S.E.2d at 856 (citing *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000)).

In its order awarding attorneys' fees to plaintiff, the trial court made findings of fact that: defendant's insurance carrier denied liability for the accident prior to litigation; defendant did not make an offer of judgment to plaintiff; at mediation, plaintiff refused to settle for less than $35,000.00 and defendant's insurance carrier offered $5,500.00 to settle the case before an impasse was declared; a jury awarded plaintiff $6,600.00; defendant's insurance carrier did not

exercise superior bargaining power; and "[t]he Court recalls the trial of this case and the issues involved, and has considered the whole record of the case[.]  While a "[m]ere recitation by the trial court that it has considered all *Washington* factors" without making additional findings of fact is inadequate, *Thorpe*, 132 N.C. App. at 572, 551 S.E.2d at 857, "the trial court is not required to make detailed findings for each factor." *Id.* (citing *Tew v. West*, 143 N.C. App. 534, 546 S.E.2d 183 (2001)).  Rather, the trial court must merely make findings as to "those facts matching those *Washington* factors apposite to the instant case."  *Id.*, 132 N.C. App. at 573, 551 S.E.2d at 857.  As such, the trial court's findings of fact are in accordance with the required factors of *Washington*.

On remand, the trial court made additional findings of fact: plaintiff incurred costs of $1,907.77; plaintiff's counsel submitted affidavits indicating that plaintiff's primary attorney spent 105.4 hours of time, at $225.00 per hour, while a second attorney spent 29.3 hours, at $250.00 per hour, on the case; plaintiff's primary attorney is an associate attorney who became licensed to practice law in 2010; this was plaintiff's attorney's second jury trial; plaintiff's second attorney took no active role in the trial; the case concerned a car accident

and had no significant evidentiary issues; the hours spent by plaintiff's attorneys "are disproportionately higher than the hours reasonably and normally spent by plaintiff's counsel in this type of civil case"; and that "[i]t is customary for an attorney to receive 1/3 (one third) of the settlement or Judgment amount as a fee for services rendered." The trial court concluded that plaintiff's primary attorney "spent more than a reasonable amount of time on the case, and, in its discretion, finds that an attorney's fee of $2,200.00 is appropriate in this case."

Plaintiff argues that the trial court erred because its award of attorneys' fees was not based on the affidavits submitted by plaintiff's attorney. We disagree, as the language of N.C.G.S. § 6-21.1 clearly states that a trial court *may* award attorneys' fees at its discretion. *See Harrison v. Herbin*, 35 N.C. App. 259, 261, 241 S.E.2d 108, 109 (1978) ("While [N.C.G.S. § 6-21.1] is aimed at encouraging injured parties to press their meritorious but pecuniarily small claims, we do not believe that it was intended to encourage parties to refuse reasonable settlement offers and give rise to needless litigation by guaranteeing that counsel will, in all cases, be compensated."). Moreover, as the trial court considered the entire record before

it and made findings of facts as required by both *Washington* and *Thorpe*, the trial court acted within its discretion in awarding $2,200.00 in attorneys' fees to plaintiff. *See Messina v. Bell*, 158 N.C. App. 111, 115, 581 S.E.2d 80, 84 (2003) ("From the findings, it is clear that the trial court exercised its discretion by considering the whole record and in applying the *Washington* factors. Thus, the findings are sufficient to support the trial court's conclusion that plaintiff should be awarded attorney's fees, and therefore, the trial court did not abuse its discretion in granting plaintiff's motion.").

Plaintiff further argues that the trial court erred in failing to award attorneys' fees for the time spent preparing for plaintiff's appeal. A trial court has the authority pursuant to N.C.G.S. § 6-21.1 to award additional attorney's fees for an appeal. *Hill v. Jones*, 26 N.C. App. 168, 171, 215 S.E.2d 168, 170 (1975). A plaintiff must make a motion to the trial court seeking attorneys' fees for an appeal. *Davis v. Kelly*, 147 N.C. App. 102, 109, 554 S.E.2d 402, 406—07 (2001).

On 10 July 2013, plaintiff made a motion to the trial court for attorneys' fees relating to plaintiff's initial appeal. Plaintiff provided to the trial court affidavits of her attorneys' fees for both the original jury trial and appeal.

The trial court accepted these documents noting that "I'm going to have to take a look at it." In its order awarding plaintiff $2,200.00 in attorneys' fees, the trial court did not mention any fees or costs incurred as a result of plaintiff's appeal. However, as discussed above, the trial court was not required to award attorneys' fees to plaintiff for either an initial action or an appeal. Moreover, as we have already determined that the trial court considered the appropriate factors and made findings of fact regarding its decision to award attorneys' fees to plaintiff, we cannot say that the trial court erred in not awarding attorneys' fees to plaintiff for her appeal. Accordingly, the trial court did not abuse its discretion in awarding $2,200.00 in attorneys' fees to plaintiff. *See Overton v. Purvis*, 162 N.C. App. 241, 247–48, 591 S.E.2d 18, 23 (2004) ("The record indicates that the trial court considered these statements, together with argument from counsel, in determining whether and to what extent attorneys' fees were appropriate. We hold that these statements are competent and sufficient to support the trial court's award and find no abuse of discretion."). As such, we need not reach plaintiff's third argument on appeal.

Affirmed.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).