GREAT WEST CASUALTY COMPANY v. C. W. FLETCHER D/B/A FLETCHER
TRUCKING COMPANY

No. 815DC578

(Filed 2 March 1982)

1. **Constitutional Law § 26— foreign judgment—joint and several liability—full faith and credit**

    Under full faith and credit, our courts are bound by a foreign judgment finding plaintiff and defendant jointly and severally liable. Art. IV, § 1 of the U.S. Constitution.

2. **Courts § 21.5— right to contribution—law of place of tort**

    The right of one tort-feasor to obtain contribution from another tort-feasor is a substantive right and hence is governed by the law of the place of the tort.

3. **Judgments § 36.3; Torts § 3.1— joint tort-feasors—foreign judgment—effect in action for contribution**

    Under the law of Tennessee which was applied in this case, a judgment entered pursuant to a trial on the merits against two or more tort-feasor defendants invokes a res judicata effect as to rights existing between the several tort-feasor defendants in a subsequent action for contribution.

APPEAL by defendant from *Lambeth, Judge*. Judgment filed 19 February 1981 in District Court, NEW HANOVER County. Heard in the Court of Appeals 3 February 1982.

This action was instituted by plaintiff against defendant for contribution of one-half of a Tennessee judgment rendered jointly against plaintiff and defendant, which judgment was fully satisfied by plaintiff. Defendant denied liability and defended on the basis that plaintiff's insured and defendant were operating trucking companies in interstate commerce; that the provisions of the Interstate Commerce Act controlled liablity; and that by its

terms the Act requires a lease agreement which would impose liability solely on plaintiff's insured.

Trial was held without a jury. The court gave the Tennessee judgment full faith and credit and ordered that the plaintiff recover of the defendant the sum of $4,779.50, representing one-half the amount of the judgmnet, plus interest. Defendant appeals.

*Crossley & Johnson, by Robert W. Johnson, for plaintiff appellee.*

*Algernon L. Butler, Jr. for defendant appellant.*

MARTIN (Harry C.), Judge.

[1, 2] Under full faith and credit, our courts are bound by the Tennessee judgment finding plaintiff and defendant jointly and severally liable. U.S. Const. art. IV, § 1. Moreover, as a general rule, the right of one tort-feasor to obtain contribution from another tort-feasor is a substantive right and hence is governed by the law of the place of the tort. *See* 18 Am. Jur. 2d Contribution § 44 (1965). The choice of law rule of North Carolina adheres to this general principle. *See Tatham v. Hoke,* 469 F. Supp. 914 (W.D.N.C. 1979). Thus the law of Tennessee governs the disposition of the case.

The issues raised by defendant with respect to the effect of the lease agreement on his liability were raised and fully litigated before the Tennessee courts and decided against defendant. *Herron v. Fletcher,* 503 S.W. 2d 84 (Tenn. 1973). Moreover, defendant in the North Carolina case failed to present at trial, and has failed to include in the record on appeal, a copy of the lease agreement purportedly relieving him of financial liability under the Tennessee judgment.

Tennessee has adopted the Uniform Contribution Among Tort-Feasors Act. Tenn. Code Ann. § 29-11-101 to -106.

The following provisions of the statute are pertinent to our determination.

> 29-11-103. Determination of pro rata shares.—In determining the pro rata shares of tort-feasors in the entire liability:

(1) Their relative degrees of fault shall not be considered;

(2) If equity requires, the collective liability of some as a group shall constitute a single share; and

(3) Principles of equity applicable to contribution generally shall apply.

29-11-104. Enforcement of contribution — Procedure — Limitation

. . . .

(f) The judgment of a court in determining the liability of the several defendants to a claimant for an injury or wrongful death after trial on the merits, shall be binding among such defendants in determining their right to contribution or indemnity . . ..

[3] It thus appears that under Tennessee law where there has been a trial on the merits against two or more tort-feasor defendants, the judgment in such case invokes a res judicata effect as to rights existing between the several tort-feasor defendants in a subsequent action for contribution. *See Bible and Godwin Const. Co., Inc. v. Faener Corp.*, 504 S.W. 2d 370 (Tenn. 1974); *Watts v. Memphis Transit Management Co.*, 224 Tenn. 721, 462 S.W. 2d 495 (1971). In *Watts*, the court was asked to construe T.C.A. § 29-11-104(f) (formerly T.C.A. § 23-3104(f)) and in doing so cited as authority the Official Commissioner's Note of the Commission on Uniform Laws:

"Subsection (f) *Res Adjudicata.* This seems necessary in view of the position some courts have taken that adjudication of liability to the plaintiff of several defendants is not necessarily res adjudicata of the liability for determination of contribution claims. Obviously the defendants should be bound as among themselves by the adjudication of their liability to the claimant."

*Id.* at 725-26, 462 S.W. 2d at 497.

Unless inequitable, the pro rata share of each defendant is determined by dividing the amount of the judgment by the number of persons against whom it has been obtained. In the case sub judice plaintiff and defendant were adjudged jointly liable in

the Tennessee action. Plaintiff has paid the full amount of the judgment and is entitled to contribution for the amount it paid in excess of its pro rata share; that is, one-half.

Affirmed.

Chief Judge MORRIS and Judge VAUGHN concur.