LISA E. GAFFNEY STILWELL, Plaintiff v. AMANDA DANLEY GUST, Defendant and Third Party Plaintiff v. TIMOTHY G. STILWELL, Third Party Defendant

No. COA00-1414

(Filed 28 December 2001)

**1. Costs— attorney fees—taxed entirely to one party**

The trial court did not abuse its discretion by taxing fees and costs entirely against the defendant in an automobile accident case where defendant contended that the matter proceeded to trial after her offer of judgment only because the third-party defendant ( plaintiff's husband and the driver of the car in which she was injured) made no offer to settle. The trial court properly considered the required factors and made appropriate findings.

**2. Contribution— amount subject to—fees and costs taxed to one party**

The trial court did not abuse its discretion in its award of fees and costs in a negligence action where defendant contended that the amount subject to contribution must be the jury verdict plus costs and fees. Since the fees and costs were taxed explicitly to defendant, the portion of the verdict subject to contribution is the jury verdict for damages.

Appeal by defendant from judgment entered 1 September 2000 by Judge Beverly T. Beal in Gaston County Superior Court. Heard in the Court of Appeals 8 October 2001.

*Law Offices of Michael A. DeMayo, L.L.P., by Frank F. Voler, for the plaintiff-appellee.*

*Morris York Williams Surles & Barringer, L.L.P., by R. Gregory Lewis, for the defendant-appellant.*

*Steven J. Colombo, P.A., by R. Michael Chandler, for the third party defendant-appellee.*

EAGLES, Chief Judge.

After a jury trial, the trial court entered judgment awarding Lisa E. Gaffney Stilwell ("plaintiff") damages in the amount of $5,401.00 and attorneys' fees and costs in the amount of $10,853.75 in her civil negligence action against Amanda Danley Gust ("defendant"). The trial court ordered that defendant recover $2,700.50 in contribution from Timothy G. Stilwell, plaintiff's husband ("third-party defendant"). Defendant appeals. After careful consideration, we affirm.

On 9 February 1997, plaintiff was a passenger in an automobile operated by her husband, third-party defendant. Third-party defendant's vehicle collided with a vehicle operated by defendant. Plaintiff and her husband brought suit against defendant alleging negligence. Defendant counterclaimed and alleged that third-party defendant was negligent in the operation of his vehicle. Prior to trial, defendant settled with third-party defendant for his bodily injury claim and third-party defendant dismissed his claims against defendant. Due to defendant's claim for contribution, third-party defendant remained in this action. Defendant made an offer of judgment of $4,500.00 which plaintiff refused. The matter went to trial on 22 May 2000 in Gaston County Superior Court. The jury found both defendant and third-party defendant negligent and returned a verdict assessing damages in the amount of $5,401.00 for plaintiff.

After the trial, plaintiff moved to tax costs and attorneys' fees against defendant. The trial court ordered payment of $853.75 in costs and $10,000.00 in attorneys' fees to plaintiff. As to the contribution claim, the trial court ordered that defendant recover $2,700.50 (one-half of the damages awarded) from third-party defendant. Defendant appeals.

Defendant raises two issues on appeal: Whether the trial court erred in (1) taxing costs and attorneys' fees to defendant and (2) failing to enter judgment in favor of defendant for pro-rata contribution of the costs and attorneys' fees. After careful review, we affirm.

[1] Defendant contends that the trial court erred in awarding attorneys' fees and costs to plaintiff and taxing them entirely to defendant. Defendant argues that the trial court should have taxed one-half of plaintiff's costs and fees to defendant incurred before the offer of

judgment and all the post-offer of judgment costs and fees to the third-party defendant. Defendant contends that her offer of $4,500.00 was more than her pro-rata share of the amount for which plaintiff would have settled. The third-party defendant made no offer to settle with plaintiff before trial. Defendant argues that this refusal by the third-party defendant to make a settlement offer resulted in the matter proceeding to trial. Defendant contends that the costs and fees of trial were incurred as a result of the conduct of the third-party defendant, not defendant, and that it was inequitable to tax all the costs and fees to defendant. We are not persuaded.

Attorneys' fees generally are not recoverable by the successful party at trial as a part of court costs. *Washington v. Horton*, 132 N.C. App. 347, 349, 513 S.E.2d 331, 333 (1999). However, in personal injury or property damage actions where the judgment for recovery of damages is $10,000.00 or less, by statutory exception the presiding judge in his or her discretion may award attorneys' fees as part of costs. G.S. § 6-21.1 (1999); *Thorpe v. Perry-Riddick*, 144 N.C. App. 567, 571, 551 S.E.2d 852, 856 (2001).

The award of attorneys' fees under G.S. § 6-21.1 is within the discretion of the presiding judge. *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334.

> North Carolina case law is clear that to overturn the trial judge's determination, the defendant must show an abuse of discretion. Abuse of discretion results where the court's ruling is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision.

*Thorpe*, 144 N.C. App. at 570, 551 S.E.2d at 855 (2001) (citations and quotations omitted). In awarding fees, the trial court's discretion is not unrestrained. *Washington*, 132 N.C. App. at 351, 513 S.E.2d at 334. In *Washington*, we noted that the trial court, in exercising its discretion, should consider the following factors:

> (1) settlement offers made prior to the institution of the action . . . ; (2) offers of judgment pursuant to Rule 68, and whether the "judgment finally obtained" was more favorable than such offers; (3) whether defendant unjustly exercised "superior bargaining power"; (4) in the case of an unwarranted refusal by an insurance company, the "context in which the dispute arose"; (5) the timing of settlement offers; (6) the amounts of the settlement offers as compared to the jury verdict; and the whole record.

*Id.* at 351, 513 S.E.2d at 334-35 (citations omitted). Even so, the trial court does not need to make detailed findings for each factor. *Tew v. West*, 143 N.C. App. 534, 537, 546 S.E.2d 183, 185 (2001). If the court awards attorneys' fees, it must make findings of fact to support the award. *Porterfield v. Goldkuhle*, 137 N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000). These findings must include the "time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *Cotton v. Stanley*, 94 N.C. App. 367, 369, 380 S.E.2d 419, 421 (1989).

The trial court properly considered the appropriate factors enumerated in *Washington.* As for the first factor, the trial court found that defendant made offers to plaintiff as early as October 1999 and at the settlement conference two weeks prior to trial. The record shows that the complaint was filed on 2 September 1999 and the summons issued the same day. There is no evidence that defendant made any settlement offers prior to the commencement of this action.

In considering the second factor, the trial court found that the "jury award is more than any amount offered prior to trial" by defendant. "Judgment finally obtained" means the amount entered as final judgment modified by any adjustments. *Poole v. Miller*, 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995), *reh'gs denied*, 342 N.C. 666, 467 S.E.2d 722 (1996). "[C]osts incurred after the offer of judgment but prior to the entry of judgment" should also be included with the jury verdict to determine the "judgment finally obtained." *Roberts v. Swain*, 353 N.C. 246, 250-51, 538 S.E.2d 566, 569 (2000). The trial court awarded $10,000.00 in attorneys' fees, to be included as costs, and $853.75 as costs to plaintiff. These figures added to the jury award of $5,401.00 clearly exceed defendant's Offer of Judgment of $4,500.00. Even excluding costs and fees, the jury award exceeded the Offer of Judgment.

As to the third factor, the court found that defendant and her insurance company "unjustly exercised its superior bargaining power by refusing to budge through and including trial from its initial and full valuation of Plaintiff's claims."

Factor four is not pertinent here since "[o]ur appellate courts have uniformly held that a finding of unwarranted refusal to pay a claim is required only in suits brought by an insured or a beneficiary against an insurance company defendant." *Washington*, 132 N.C. App. at 350, 513 S.E.2d at 334. Here, the insurance company is not the defendant.

As to factor five, the trial court found that defendant and defendant's insurer filed a formal Offer of Judgment on or about 15 October 1999 for $4,500.00 and "at the May 4, 2000 settlement conference held two weeks before the trial of this matter, [defendant and defendant's insurer] refused to offer more than the amount of $4,500.00 to settle [this matter]."

Considering factor six, the trial court found that the highest settlement offer by defendant was $4,500.00 and the jury returned a verdict of $5,401.00. The trial court stated "[t]hat the jury award is more than any amount offered prior to trial by Defendant Gust and/or Allstate." The trial court reviewed the entire record including the affidavits, memorandum, cases and arguments of counsel.

The trial court also made the following finding as required by *Porterfield*:

> 15. That given the nature and complexity of this case, the time expended by counsel is reasonable . . . and is consistent with that which may have been expected by an attorney of similar experience and expertise in this geographic area, . . . compared with the services which might be expected from other law firms in this geographic area, the amount of $150.00 per hour for attorneys' time is reasonable.

The record contains a copy of the motion which includes as attachments the attorney's time sheets reflecting time spent on this matter and an affidavit from plaintiff's attorney that he devoted 68.5 billable hours to the case.

The trial court applied the factors set forth in *Washington* and made the appropriate findings as required by *Porterfield*. There is no evidence that the $10,000.00 in attorneys' fees is unreasonable. Nor is there any showing of abuse of discretion by the trial court in the award of fees.

Second, the trial court awarded plaintiff $853.75 in costs. This figure represents $375.00 for an expert witness fee, $400.00 for deposition costs, and $78.75 for filing and service fees.

"[C]osts which are not allowed as a matter of course under G.S. § 6-18 or § 6-19 . . . may be allowed in the discretion of the court under G.S. § 6-20 . . . ." *Estate of Smith v. Underwood*, 127 N.C. App. 1, 12, 487 S.E.2d 807, 815, *disc. review denied*, 347 N.C. 398, 494 S.E.2d 410 (1997). "The trial court's discretion to tax costs pursuant to

[G.S. § 6-20] is not reviewable on appeal absent an abuse of discretion." *Lewis v. Setty*, 140 N.C. App. 536, 538, 537 S.E.2d 505, 507 (2000). "While case law *has* found that deposition costs are allowable under section 6-20, it has in no way precluded the trial court from taxing other costs that may be 'reasonable and necessary.' " *Minton v. Lowe's Food Stores*, 121 N.C. App. 675, 680, 468 S.E.2d 513, 516, *disc. review denied*, 344 N.C. 438, 476 S.E.2d 119 (1996).

In assessing fees, the trial court properly considered *Washington* and *Porterfield*. In determining costs, the trial court considered the motions, affidavits, and arguments of counsel. Plaintiff sued defendant only. Moreover, when making the settlement offers, defendant never asserted that the $4,500.00 was to cover only its pro-rata share of the liability. At the hearing on the motion to allow attorneys' fees as costs, plaintiff indicated "she would [have] consider[ed] settling" for a sum around $6,000.00. Defendant never increased the amount of her offer. The original offer was $4,500.00 and it remained the top offer through the settlement conference two weeks before the trial. The awards taxing costs and fees to defendant are within the trial court's discretion and defendant has not shown an abuse of that discretion.

**[2]** In its second assignment of error, defendant contends that the trial court erred in failing to enter judgment in favor of defendant for pro-rata contribution. Defendant argues that the amount subject to contribution must be the jury verdict plus costs and fees. We are not persuaded.

Defendant relies on *Great West Casualty Co. v. Fletcher*, 56 N.C. App. 247, 287 S.E.2d 429 (1982) and *Roberts v. Swain*, 353 N.C. 246, 538 S.E.2d 566 (2000). In *Great West Casualty Co.*, this Court stated that "the pro rata share of each defendant is determined by dividing the amount of the judgment by the number of persons against whom it has been obtained." *Great West Casualty Co.*, 56 N.C. App. at 249, 287 S.E.2d at 431. *Roberts* provided that a "judgment finally obtained" is the final amount entered by the court as a judgment, including the jury verdict plus any applicable adjustments. *Roberts*, 353 N.C. at 249, 538 S.E.2d at 568 (quoting *Poole v. Miller*, 342 N.C. 349, 353, 464 S.E.2d 409, 411 (1995)). Attorneys' fees and court costs are included in determining "judgment finally obtained." *Id.* at 249, 538 S.E.2d at 568.

Defendant's reliance on these cases is misplaced. In *Great West Casualty Co.*, this Court was interpreting a Tennessee contribution

STILWELL v. GUST

[148 N.C. App. 128 (2001)]

statute, not G.S. §§ 1B-1 to -6, the North Carolina contribution statute. The *Roberts* court was applying "judgment finally obtained" as used in Rule 68 of the North Carolina Rules of Civil Procedure. "Judgment finally obtained" was defined in *Poole*, which stated:

> Thus, we construe the legislature's choice of the phrase "judgment finally obtained" as indicative of the legislature's intent that it is the amount ultimately and *finally* obtained by the plaintiff from the court which serves as the measuring stick for purposes of Rule 68. For these reasons, we conclude that, *within the confines of Rule 68, "judgment finally obtained" means* the amount ultimately entered as representing the final judgment, i.e., the jury's verdict as modified by any applicable adjustments, by the respective court in the particular controversy, not simply the amount of the jury's verdict.

*Id.* at 353, 464 S.E.2d at 411 (emphasis added). The Court explicitly limited the application of its definition of "judgment finally obtained" to Rule 68.

In its judgment, the trial court ordered "that Defendant and Third Party Plaintiff Amanda Danley Gust shall pay [plaintiff] the amount of $853.75 as part of Court costs" and "that the [plaintiff] shall have and recover from Defendant and Third Party Plaintiff Gust reasonable attorney fees in the amount of $10,000.00, as part of costs . . . ." We discern no abuse of discretion in the trial court's award to plaintiff of fees and costs. Since the fees and costs were taxed explicitly to defendant, the remaining portion of the judgment subject to contribution is the jury verdict for damages. In calculating the pro-rata shares, the trial court properly applied G.S. §§ 1B-1 to -6 to this figure to determine defendant's and third-party defendant's pro-rata share of $2,700.50.

Affirmed.

Judges HUDSON and CAMPBELL concur.