RINK & ROBINSON, PLLC, Plaintiff v. CATAWBA VALLEY ENTERPRISES, LLC, DATA STORAGE TECHNOLOGY, INC., P. AARON BLIZZARD, AND BRIAN S. DYE, Defendant

No. COA11-955

(Filed 1 May 2012)

**1. Pleadings—motion to amend—clerical error—theory of recovery not changed**

The trial court did not err in a breach of contract case by granting plaintiff's motion to amend its pleadings. The trial court did not abuse its discretion by allowing a typographical error to be fixed and did not allow plaintiff to change its theory of recovery by granting the motion.

**2. Statutes of Limitation and Repose—breach of contract—defendants induced delay—not bar to plaintiff's claim**

The trial court did not err in a breach of contract case by denying defendants' motion for directed verdict and judgment notwithstanding the verdict. Defendants were precluded from relying on the statute of limitations as a bar to plaintiff's claim as defendants induced the delay by their own representations.

**3. Attorney fees—breach of contract—insufficient findings of fact**

The trial court erred in a breach of contract case by awarding attorney fees and costs to plaintiff without making any findings of fact to support the awards.

**4. Pleadings—breach of contract—insufficient notice**

The trial court did not err in a breach of contract case by disallowing recovery from defendants individually for personal tax returns. Plaintiff's complaint failed to sufficiently state a claim against either defendant in their individual capacities for personal tax returns. Plaintiff's remaining arguments on appeal regarding whether the trial court erred in excluding evidence of the personal tax returns were thus overruled.

**5. Trials—doctrine of litigation by consent—evidence objected to**

The doctrine of litigation by consent was not applicable in a breach of contract case and the issue of defendants' personal tax

RINK & ROBINSON, PLLC v. CATAWBA VALLEY ENTER., LLC

[220 N.C. App. 360 (2012)]

returns was not tried by implied consent where defendants' attorney clearly objected to evidence of the personal tax returns.

**6. Pleadings—motion to amend complaint to conform to evidence—evidence objected to—amendment not appropriate**

The trial court did not abuse its discretion in a breach of contract case by denying plaintiff's motion to amend its complaint to conform to the invoices on personal tax returns. As defendants objected to the evidence of personal tax returns, an amendment to conform the pleading to this evidence was not appropriate.

Appeal by defendants from judgment entered 12 November 2010 by Judge Charles C. Lamm, Jr. in Catawba County Superior Court. Heard in the Court of Appeals 8 March 2012.

*Bill Morgan, attorney for plaintiff.*

*W. Wallace Respess, Jr. of Respess & Jud, attorney for defendants Catawba Valley Enterprises, LLC, et al.*

*H. Kent Crowe of Crowe & Davis, PA, attorney for defendant Brian S. Dye.*

ELMORE, Judge.

Catawba Valley Enterprises, LLC, Data Storage Technology, Inc., P. Aaron Blizzard, and Brian S. Dye (together defendants) appeal from a judgment in favor of Rink & Robinson, PLLC (plaintiff) for failure to pay for accounting services rendered. Plaintiff, also cross-appeals the trial court's decision to disallow recovery from defendants Blizzard and Dye individually for personal tax returns prepared on their behalf. After careful consideration, 1) we affirm the judgment in part but reverse and remand in part for further findings of fact and 2) we affirm the trial court's decision to disallow recovery from defendants Blizzard and Dye in their individual capacities.

**Background**

Plaintiff is an accounting firm that is owned and managed by Michael Rink. Defendants are two companies, Data Storage Technology, Inc. and Catawba Valley Enterprises, LLC, and their principal officers, Blizzard and Dye. Around 1998 or 1999, plaintiff began performing consulting work for defendants. Specifically, plaintiff assisted Blizzard and Dye in getting the companies up and running. Plaintiff advised Blizzard and Dye on how to make the companies

more profitable and how to prepare tax returns for the companies. Plaintiff also prepared personal tax returns for both Dye and Blizzard, but plaintiff did not prepare corporate tax returns for either company at that time.

However, starting in 2003, plaintiff agreed to begin preparing corporate tax returns for the companies. In April 2003 and April 2004, plaintiff sent engagement letters addressed to Dye for Data Storage Technology, Inc. and Blizzard for Catawba Valley Enterprises, LLC. An engagement letter is an instrument used by CPAs that defines in writing what services are to be provided to the client. The engagement letters sent by plaintiff to defendants established that: 1) bills for services are due when rendered; 2) a finance charge of 1.5% per month would be applied to all accounts over 30 days; 3) all unpaid amounts shall be personally guaranteed by the principals of each company; 4) in the event of a lawsuit, defendants agree to pay all attorneys fees; 5) no claim shall be asserted by either party more than 1 year after the date of services. The engagement letters were signed by Rink and either Blizzard or Dye.

Between 23 April 2003 and 21 August 2006, plaintiff sent defendants numerous invoices for services rendered. Defendants failed to pay these invoices in full. Plaintiff then filed suit against defendants on 17 May 2007 for breach of contract. Plaintiff sought to recover 1) $6,256.76 plus interest for services rendered on behalf of Data Storage Technology, Inc. and 2) $38,163.82 plus interest for services rendered on behalf of Catawba Valley Enterprises, LLC. On 4 October 2010, the case came on for trial by jury.

At trial, Rink testified that Dye told him that if he postponed filing suit then Dye would make sure Rink was paid. Rink also testified that he and Blizzard discussed the postponement of a lawsuit on a few occasions. Also at trial, Rink attempted to admit into evidence invoices for money owed for personal tax returns prepared for Blizzard and Dye individually. Defendants objected to this evidence, and the trial court sustained the objection. The trial court concluded that "there was no claim for relief made in the prayer for judgment [] against either of the individual defendants[,] except as may be shown by the evidence that they guaranteed the corporate liability for services."

At the close of plaintiff's evidence, defendants moved for a directed verdict based on the statute of limitations, arguing that plaintiff had failed to file suit within the 1-year period required by the

RINK & ROBINSON, PLLC v. CATAWBA VALLEY ENTER., LLC

[220 N.C. App. 360 (2012)]

engagement letters. The trial court denied the motion based on "[e]quitable estoppel and the course of dealings[]" between the parties. Plaintiff then moved to amend the complaint to conform to the evidence presented. Plaintiff argued that its complaint contained a typographical error, because in the complaint plaintiff alleged that Catawba Valley Enterprises, LLC owed $6,256.76 and Data Storage Technology owed $38,163.82 but those numbers were reversed in the prayer for relief. The trial court allowed the amendment, concluding that "I'll allow the amendment as it relates to Catawba Valley Enterprises and Data Storage Technology and include in that correction of the typographical error where it's alleged that one corporation owes one amount, the other corporation owes the other amount, and in the prayer for relief those amounts are reversed[.]"     .

On 8 October 2010, the jury rendered a verdict in favor of plaintiff. Defendants then moved for judgment not withstanding the verdict (JNOV), but the trial court denied that motion. On 12 November 2010, the trial court entered a judgment against all defendants in the amount of $71,220.45 for services rendered for Data Storage Technology, Inc., and in the amount of $15,842.66 for services rendered for Catawba Valley Enterprises, LLC. These amounts included the invoice amounts submitted to the jury, plus interest, attorneys fees, and costs. Defendants now appeal. Plaintiff also cross-appeals the trial court's decision to disallow recovery from defend-ants Blizzard and Dye individually for personal tax returns.

## Defendants' appeal

[1] Defendants present three arguments on appeal. Defendants first argue that the trial court erred in.granting plaintiff's motion to amend its pleadings, changing the amount owed. Specifically, defendants argue that the amendment converted plaintiff's breach of contract claim to an open account claim. We disagree.

"A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse." *Calloway v. Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972). Thus, the "ruling is not reviewable in the absence of a clear showing of abuse of discretion[.]" *Consolidated Vending Co. v. Turner*, 267 N.C. 576, 581, 148 S.E.2d 531, 534 (1966).

Here, the trial court made it clear that it was allowing the motion to correct a "typographical error where it's alleged that one corporation owes one amount, the other corporation owes the other amount, and in the prayer for relief those amounts are reversed[.]" Further-

more, the trial court indicated that plaintiff had "proceeded all along on an account theory[.]" Later in the proceedings, when plaintiff attempted to add a claim for unjust enrichment, the trial court stated "I'm not going to allow you to switch horses in mid-stream[.]"

Thus, we are unable to agree that the trial court allowed plaintiff to change its theory of recovery. As a result, we conclude that the trial court did not err with regards to this issue.

[2] Defendants next argue that the trial court erred in denying their motion for directed verdict and JNOV because plaintiff's claims were barred by the statute of limitations. We disagree.

"The standard of review of directed verdict is whether the evidence, taken in the light most favorable to the non-moving party, is sufficient as a matter of law to be submitted to the jury." *Davis v. Dennis Lilly Co.*, 330 N.C. 314, 322-23, 411 S.E.2d 133, 138 (1991) (citing *Kelly v. Int'l Harvester Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971)). "In determining the sufficiency of the evidence to withstand a motion for a directed verdict, all of the evidence which supports the non-movant's claim must be taken as true and considered in the light most favorable to the non-movant, giving the non-movant the benefit of every reasonable inference which may legitimately be drawn therefrom and resolving contradictions, conflicts, and inconsistencies in the non-movant's favor." *Turner v. Duke University*, 325 N.C. 152, 158, 381 S.E.2d 706, 710 (1989).

Here, defendants contend that plaintiff's claim was barred by the statute of limitations because it was filed more than one year after the services were provided. At trial they argued that "[t]his lawsuit was filed on May 17 of 2007. All of the evidence is that there was no work done -- that the work of Rink and Robinson had been completed more than a year prior to the filing of this lawsuit." Defendants further argued that plaintiff "can't sue Data Storage or Catawba Valley or either of these individuals for services that were completed more than a year prior to the institution of the suit on May 17, 2007."

We agree that "[t]he lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct[]" of the defendant. *Nowell v. Great Atlantic & Pacific Tea Co.*, 250 N.C. 575, 579, 108 S.E.2d 889, 891 (1959). "The doctrine of equitable estoppel may be invoked to prevent a defendant from relying on a statute of limitations if the defendant . . . caused the

plaintiff to allow his claim to be barred by the statute of limitations." *Blizzard Bldg. Supply, Inc. v. Smith*, 77 N.C. App. 594, 595, 335 S.E.2d 762, 763 (1985) (citation omitted), *cert. denied*, 315 N.C. 389, 339 S.E.2d 410 (1986).

Here, plaintiff presented evidence that both Blizzard and Dye asked Rink to postpone filing suit in order to give defendants more time to pay the invoices. At trial, Rink testified that the "[l]ast conversation I had with Mr. Dye was—he had called me and he said that if I would hold off suing him that they—that he would see that I got paid, just give him some more time." Rink also testified that he had similar conversations with Blizzard, and that Blizzard "said he agreed to pay the amount of the bills and also if I would hold off and not sue that—that he would see that I was taken care of[.]"

When reviewing the trial court's denial of a motion for directed verdict and JNOV we must take this evidence as true and consider it in the light most favorable to plaintiff. In doing so, we conclude that defendants induced the delay by their own representations. As a result, the trial court was correct in concluding that defendants were precluded from relying on the statute of limitations as a bar to plaintiff's claim.

[3] Finally, defendants argue that the trial court erred in awarding attorney's fees and costs to plaintiff without making any findings of fact to support the awards. We agree.

"The allowance of attorney fees is in the discretion of the presiding judge, and may be reversed only for abuse of discretion." *Washington v. Horton*, 132 N.C. App. 347, 351, 513 S.E.2d 331, 334-35 (1999) (citation omitted). "Abuse of discretion results where the court's ruling is manifestly unsupported by reason or so arbitrary that it could not have been the result of a reasoned decision." *Stilwell v. Gust*, 148 N.C. App. 128, 130, 557 S.E.2d 627, 629 (2001) (citation omitted). However, "[i]n awarding fees, the trial court's discretion is not unrestrained." *Id.* (citation omitted). "The general rule in this state is [that] a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." *Calhoun v. WHA Med. Clinic, PLLC*, 178 N.C. App. 585, 603, 632 S.E.2d 563, 575 (2006) (quotations and citations omitted). According to our General Statutes, contractual agreements to pay attorneys fees are valid and enforceable. *See* N.C. Gen. Stat. § 6-21.2 (2011). But, "the trial court must make some findings of fact to support the award." *Porterfield v. Goldkuhle*, 137

N.C. App. 376, 378, 528 S.E.2d 71, 73 (2000) (quotations and citations omitted).

In *Calhoun*, we reviewed the trial court's award of attorneys fees under N.C. Gen. Stat. § 6-21.2. There, we concluded that the trial court "made no findings of fact whether the contract at issue is a printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money[.]" 178 N.C. App. at 604, 632 S.E.2d at 575 (quotations and citations omitted). As a result, we remanded the case "to the trial court for appropriate factual determinations." *Id.* at 605, 632 S.E.2d at 575.

Here, plaintiff also sought to recover attorneys fees under N.C. Gen. Stat. § 6-21.2. Upon review of the record, we conclude that the trial court failed to make the necessary findings of fact to support such award. As a result, we reverse the award for attorneys fees and costs and remand to the trial court for further findings of fact.

### Plaintiff's appeal

[4] On cross-appeal plaintiff argues that the trial court erred in disallowing recovery from Blizzard and Dye individually for personal tax returns. Plaintiff first argues that its complaint was broad enough to give notice of those claims. We disagree.

"Under the notice theory of pleading a statement of claim is adequate if it gives sufficient notice of the claim asserted[.]" *Redevelopment Comm'n of Washington v. Grimes*, 277 N.C. 634, 645, 178 S.E.2d 345, 351-52 (1971) (quotations and citation omitted). Our Rules of Civil Procedure require the pleading to contain "[a] short and plain statement of the claim[.]" *Brewer v. Harris*, 279 N.C. 288, 292, 182 S.E.2d 345, 347 (1971) (citation omitted). However, "more than a general statement" is required. *Baumann v. Smith*, 41 N.C. App. 223, 229, 254 S.E.2d 627, 631 (1979). "A mere assertion of a grievance is insufficient to state a claim upon which relief can be granted. Some degree of factual particularity is required." *Alamance County v. N.C. Dep't of Human Resources*, 58 N.C. App. 748, 750, 294 S.E.2d 377, 378 (1982).

Here, plaintiff's pleading makes no mention of individual claims against Blizzard or Dye for personal tax returns. Likewise, the prayer for relief states no request for recovery from Blizzard or Dye in their individual capacities. Plaintiff argues that its "intentional references to the plural form of 'Defendants' in the Complaint" was sufficient to

give notice of individual claims against Blizzard and Dye. We are not persuaded by this argument, and we find this language to be nothing more than an assertion of general grievances. As a result, we conclude that plaintiff's complaint failed to sufficiently state a claim against either Blizzard or Dye in their individual capacities for personal tax returns.

Accordingly, we overrule plaintiff's remaining arguments on appeal regarding whether the trial court erred in excluding evidence of the personal tax returns. "Evidence which is not relevant is not admissible." *State v. Cagle*, 346 N.C. 497, 506, 488 S.E.2d 535, 541 (1997) (quotations and citation omitted).

**[5]** Plaintiff next argues that the issue of personal tax returns was tried by implied consent. We disagree.

"When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." N.C. Gen. Stat. § 1A-1, Rule 15 (2011). However, "the rule of litigation by consent is applied when *no objection is made on the specific ground that the evidence offered is not within the issues raised by the pleadings.*" *Roberts v. William N. & Kate B. Reynolds Memorial Park*, 281 N.C. 48, 58, 187 S.E.2d 721, 726 (1972) (quotations omitted) (emphasis in original).

Here, defendants' attorney clearly objected to evidence of the personal tax returns and stated that "if you'll examine the complaint, there is no pleading, no cause of action, no separate count, there is nothing in this complaint to put us on notice that this gentleman is seeking money from individuals for payment of individual tax returns." Thus, we are unable to agree that the doctrine of litigation by consent is applicable to this issue.

**[6]** Plaintiff's final argument on appeal is that the trial court abused its discretion in denying plaintiff's motion to amend its complaint to conform to the invoices on personal tax returns. Again, we disagree.

An "amendment to conform to the evidence is appropriate only where sufficient evidence has been presented at trial *without objection* to raise an issue not originally pleaded and where the parties understood, or reasonably should have understood, that the introduction of such evidence was directed to an issue not embraced by the pleadings." *W & H Graphics, Inc. v. Hamby*, 48 N.C. App. 82, 86, 268 S.E.2d 567, 570 (1980) (citation omitted) (emphasis added). Here, as we previously noted, defendants objected to the evidence of per-

sonal tax returns. Thus, an amendment to conform the pleading to this evidence was not appropriate. As such, we conclude that the trial court did not err in denying plaintiff's motion to amend its pleading.

## Conclusion

In sum, we affirm the judgment in part, but we reverse and remand in part for further findings of fact in support of the award for attorneys fees and costs. Furthermore, we affirm the decision of the trial court to disallow recovery from Blizzard and Dye in their individual capacities.

Affirmed in part, remanded in part.

Judges STEELMAN and STROUD concur.