ARROWOOD, Judge.
 

 *866
 

 *24
 
 The North Carolina Department of Public Safety ("DPS" or "respondent") appeals from an order of the North Carolina Office of Administrative
 
 *25
 
 Hearings (the "OAH") granting Jeffrey Hunt ("petitioner")'s petition for appellate attorneys' fees. For the reasons stated herein, we affirm the order of the administrative law judge ("ALJ").
 

 I.
 
 Background
 

 In November 2016, petitioner was a career status State employee, working for DPS as a correctional officer at Scotland Correctional Institution. Petitioner's unit manager, Ms. Queen Gerald, requested a meeting with petitioner on 3 November 2016. During the meeting, Ms. Gerald informed him that she was investigating his alleged absence from work on 18 August 2016. She asked him to sign paperwork regarding the absence. Petitioner refused, and became upset. He said he was tired of "this s***" and stated either "I quit" or "I'm quitting" before walking out of the prison, through the main door. Instead of "swiping out" at the security checkpoint, petitioner informed the officer-in-charge that he had resigned.
 

 On 9 November 2016, petitioner spoke with the Superintendent at Scotland Correctional Institution, Ms. Katy Poole, by telephone. Petitioner asked Ms. Poole if he could return to work. In response, Ms. Poole asked whether petitioner was rescinding his resignation. Petitioner replied, "Yes." Ms. Poole informed him that she had already accepted his resignation, and was unwilling to rescind it based on "his history of pending investigations and corrective actions[,]" and his behavior on 3 November 2016. That same day, petitioner received a letter confirming he tendered his resignation on 3 November 2016. Although petitioner attempted to use DPS's internal grievance procedure, he was notified that the agency would not process his grievance because he had resigned from employment.
 

 Petitioner filed a petition for a contested case hearing in the OAH on 22 February 2017. The matter came on for hearing before ALJ Melissa Owens Lassiter on 15 June 2017. The ALJ issued a final decision pursuant to N.C. Gen. Stat. § 150B-34 on 17 August 2017, holding petitioner was terminated without just cause because petitioner "never submitted a verbal statement of resignation to any DPS employee authorized to accept it." Accordingly, the ALJ ordered that petitioner be reinstated and receive back pay. After the issuance of the final decision, petitioner filed a petition for attorneys' fees, which the ALJ granted in an order entered 28 August 2017. The order awarded $ 11,720.00 in attorneys' fees and $ 20.00 in filing fees. Respondent appealed.
 

 Our Court affirmed the ALJ's final decision in
 
 Hunt v. N.C. Dep't of Pub. Safety
 
 ("
 
 Hunt I
 
 "), --- N.C. App. ----,
 
 817 S.E.2d 257
 
 (2018).
 

 *26
 
 Following the entry of
 
 Hunt I
 
 in the OAH, petitioner filed a petition for attorneys' fees incurred during petitioner's appeal. Petitioner argued the OAH had the authority to grant this petition pursuant to
 
 N.C. Gen. Stat. § 126-34.02
 
 (e). The OAH granted the petition and awarded petitioner $ 14,700.00 in attorneys' fees.
 

 Respondent appeals.
 

 II.
 
 Discussion
 

 Respondent argues the OAH erred by awarding appellate attorneys' fees absent statutory authority. Alternatively, respondent
 
 *867
 
 argues an award of appellate attorneys' fees was not warranted because the agency had substantial justification to appeal the underlying order. We disagree with both arguments.
 

 A.
 
 Standard of Review
 

 "Chapter 150B, the Administrative Procedure Act, specifically governs the scope and standard of this Court's review of an administrative agency's final decision."
 
 Harris v. N.C. Dep't of Pub. Safety
 
 , --- N.C. App. ----, ----,
 
 798 S.E.2d 127
 
 , 132,
 
 aff'd per curiam
 
 ,
 
 370 N.C. 386
 
 ,
 
 808 S.E.2d 142
 
 (2017). Chapter 150B provides:
 

 The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
 

 (1) In violation of constitutional provisions;
 

 (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
 

 (3) Made upon unlawful procedure;
 

 (4) Affected by other error of law;
 

 (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
 

 (6) Arbitrary, capricious, or an abuse of discretion.
 

 N.C. Gen. Stat. § 150B-51(b) (2017). "The standard of review is dictated by the substantive nature of each assignment of error."
 
 Harris
 
 , --- N.C. App. at ----,
 
 798 S.E.2d at
 
 132 (citing N.C. Gen. Stat. § 150B-51(c) ).
 

 *27
 
 "[Q]uestions of law receive
 
 de
 

 novo
 
 review, whereas fact-intensive issues such as sufficiency of the evidence to support an agency's decision are reviewed under the whole-record test."
 

 Id.
 

 (citation and internal quotation marks omitted).
 

 B.
 
 Statutory Authority to Award Appellate Attorneys' Fees
 

 "In 2013, our General Assembly significantly amended and streamlined the procedure governing state employee grievances and contested case hearings, applicable to cases commencing on or after 21 August 2013."
 

 Id.
 

 at ----,
 
 798 S.E.2d at 131
 
 . Prior to these amendments, appeal of a final agency decision of the OAH was controlled by Chapter 150B, which provides:
 

 [a]ny party or person aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to the party or person aggrieved by statute or agency rule, is entitled to judicial review of the decision under this Article, unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute. ...
 

 N.C. Gen. Stat. § 150B-43 (2017). Under N.C. Gen. Stat. § 150B-45, appeal of a final agency decision of the OAH is to the superior court. N.C. Gen. Stat. § 150B-45(a) (2017).
 

 Prevailing petitioners in personnel cases brought pursuant to Chapter 150B, prior to the 2013 amendments, were able to recover attorneys' fees at both the OAH and the superior court. The OAH had jurisdiction to award attorneys' fees for the attorneys' work related to the case before the OAH under N.C. Gen. Stat. § 150B-33(b)(11), which provides:
 

 (b) An administrative law judge may:
 

 ....
 

 (11) Order the assessment of reasonable attorneys' fees ... against the State agency involved in contested cases decided under this Article where the administrative law judge finds that the State agency named as respondent has substantially prejudiced the petitioner's rights and has acted arbitrarily or capriciously or under Chapter 126 where the administrative law judge finds discrimination, harassment, or orders reinstatement or back pay.
 

 *28
 
 N.C. Gen. Stat. § 150B-33(b)(11) (2017). In contrast, the superior court had jurisdiction to award attorneys' fees for the attorneys'
 

 *868
 
 work related to the case before the superior court, as well as for the fees related to appeals before the Court of Appeals and the Supreme Court, pursuant to
 
 N.C. Gen. Stat. § 6-19.1
 
 , which provides:
 

 (a) In any civil action, other than an adjudication for the purpose of establishing or fixing a rate, or a disciplinary action by a licensing board, brought by the State
 
 or brought by a party who is contesting State action pursuant to G.S. 150B-43
 
 or any other appropriate provisions of law, unless the prevailing party is the State, the court may, in its discretion, allow the prevailing party to recover reasonable attorney's fees, including attorney's fees applicable to the administrative review portion of the case, in contested cases arising under Article 3 of Chapter 150B, to be taxed as court costs against the appropriate agency if:
 

 (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
 

 (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust. The party shall petition for the attorney's fees within 30 days following final disposition of the case. The petition shall be supported by an affidavit setting forth the basis for the request.
 

 N.C. Gen. Stat. § 6-19.1
 
 (a) (2017) (emphasis added).
 

 As part of the 2013 amendments, the General Assembly enacted
 
 N.C. Gen. Stat. § 126-34.02
 
 (a) and (e).
 
 N.C. Gen. Stat. § 126-34.02
 
 (a) provides, in relevant part, "[a]n aggrieved party in a contested case under this section shall be entitled to judicial review of a final decision by appeal to the Court of Appeals as provided in G.S. 7A-29(a)."
 
 N.C. Gen. Stat. § 126-34.02
 
 (a) (2017). Thus, the superior court no longer reviews the OAH's final decisions in State personnel appeals in cases commenced after 21 August 2013. Instead, final decisions in State personnel actions are now appealed directly to the Court of Appeals.
 
 See
 

 Swauger v. Univ. of N. Carolina at Charlotte
 
 , --- N.C. App. ----, ----,
 
 817 S.E.2d 434
 
 , 437 (2018).
 

 *29
 
 Subsection (e) authorizes the OAH to award attorneys' fees. Specifically, the subsection states: "The Office of Administrative Hearings may award attorneys' fees to an employee where reinstatement or back pay is ordered or where an employee prevails in a whistleblower grievance. The remedies provided in this subsection in a whistleblower appeal shall be the same as those provided in G.S. 126-87."
 
 N.C. Gen. Stat. § 126-34.02
 
 (e).
 

 The ALJ in the instant case determined that
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) authorizes the OAH to award attorneys' fees and costs for both the administrative and the appellate portions of contested cases. On appeal, respondent argues the ALJ erred by reaching this conclusion because
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) does not grant the OAH the authority to award attorneys' fees and costs for the appellate portion of a contested case. We disagree.
 

 "Questions of statutory interpretation are ultimately questions of law for the courts and are reviewed de novo. The principal goal of statutory construction is to accomplish the legislative intent."
 
 Wilkie v. City of Boiling Spring Lakes
 
 ,
 
 370 N.C. 540
 
 , 547,
 
 809 S.E.2d 853
 
 , 858 (2018) (citation and internal quotation marks omitted).
 

 When construing legislative provisions, this Court looks first to the plain meaning of the words of the statute itself: When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required. However, when the language of a statute is ambiguous, this Court will determine the purpose of the statute and the intent of the legislature in its enactment.
 

 State v. Ward
 
 ,
 
 364 N.C. 157
 
 , 160,
 
 694 S.E.2d 729
 
 , 731 (2010) (citation and internal quotation marks omitted).
 

 *869
 
 Here, the plain language of
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) authorizes the OAH to "award attorneys' fees to an employee where reinstatement or back pay is ordered or where an employee prevails in a whistleblower grievance."
 
 N.C. Gen. Stat. § 126-34.02
 
 (e). Significantly, the plain language does not limit the OAH's authority to award attorneys' fees to the administrative portion of a contested case before the OAH, nor does it prohibit the OAH from awarding attorneys' fees incurred during judicial review before this Court or our Supreme Court, taken pursuant to
 
 N.C. Gen. Stat. § 126-34.02
 
 (a). Therefore, we do not read these limitations
 
 *30
 
 into the statute. We conclude the OAH has the authority to award attorneys' fees for both the administrative portion of a contested case before the OAH, and for the attorneys' fees incurred during judicial review of the OAH's final decision.
 

 The plain language of the second sentence of subsection (e) further evidences that the statute expands the OAH's authority to award attorneys' fees by authorizing remedies where an employee prevails in the appeal of a whistleblower grievance: "The remedies provided in this subsection in a whistleblower
 
 appeal
 
 shall be the same as those provided in G.S. 126-87."
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) (emphasis added). At the same time the General Assembly enacted this statutory change, it made a significant contemporaneous change to the whistleblower law, amending
 
 N.C. Gen. Stat. § 126-86
 
 (2013).
 

 Prior to the 2013 changes, State employees had the discretion to pursue a whistleblower claim in superior court under
 
 N.C. Gen. Stat. § 126-85
 
 , or in the OAH under
 
 N.C. Gen. Stat. § 126-34.1
 
 , but not in both.
 
 Swain v. Elfland
 
 ,
 
 145 N.C. App. 383
 
 , 389,
 
 550 S.E.2d 530
 
 , 535 (2001). If the employee brought the action in the OAH, the employee would not be able to seek recovery of the remedies in
 
 N.C. Gen. Stat. § 126-87
 
 , which include treble damages and injunctive relief; whereas, the superior court was authorized, pursuant to
 
 N.C. Gen. Stat. § 126-87
 
 , to allow the recovery of these remedies.
 

 However, in 2013, the General Assembly amended the whistleblower statute,
 
 N.C. Gen. Stat. § 126-86
 
 .
 
 See
 
 S.L. 2013-382, § 7.10, eff. Aug. 21, 2013. It now states, "Any State employee injured by a violation of G.S. 126-85 who is
 
 not subject to Article 8 of this Chapter
 
 may maintain an action in superior court for damages, an injunction, or other remedies provided in this Article. ..."
 
 N.C. Gen. Stat. § 126-86
 
 (2017) (emphasis added). Thus, State employees subject to Article 8 of Chapter 126 now must pursue a whistleblower claim in the OAH. By simultaneously amending
 
 N.C. Gen. Stat. § 126-86
 
 and enacting
 
 N.C. Gen. Stat. § 126-34.02
 
 (e), the General Assembly ensured remedies described by
 
 N.C. Gen. Stat. § 126-87
 
 are still available to these claimants.
 

 These corresponding changes are significant to the case at hand because they expanded the OAH's authority to award attorneys' fees in whistleblower appeals. Therefore, because "words and phrases of a statute may not be interpreted out of context, but must be interpreted as a composite whole so as to harmonize with other statutory provisions and effectuate legislative intent, while avoiding absurd or illogical interpretations," it is clear the General Assembly authorized the OAH to award
 
 *31
 
 attorneys' fees not only for fees incurred during whistleblower appeals, but also for fees incurred during appeals of contested cases where reinstatement or back pay is ordered.
 
 Fort v. Cty. of Cumberland
 
 ,
 
 218 N.C. App. 401
 
 , 407,
 
 721 S.E.2d 350
 
 , 355 (2012) (citations and internal quotation marks omitted).
 

 To determine otherwise, and accept respondent's argument on appeal that
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) does not authorize the OAH to award attorneys' fees for fees incurred during appeals of contested cases where reinstatement or back pay is ordered, and only authorizes the OAH to award attorneys' fees for the administrative portion of a contested case, would interpret the law in a way that renders the General Assembly's actions meaningless The OAH already had the authority to award attorneys' fees for the
 
 *870
 
 administrative portion of a contested case pursuant to N.C. Gen. Stat. § 150B-33, so
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) would have no effect on the law if read in accord with respondent's argument. We decline to read the statute in this way, as our Court "presume[s] that no part of a statute is mere surplusage, but that each provision adds something not otherwise included therein."
 
 Fort
 
 ,
 
 218 N.C. App. at 407
 
 ,
 
 721 S.E.2d at 355
 
 (citation and internal quotation marks omitted).
 

 Furthermore, to agree with respondent that subsection (e) of
 
 N.C. Gen. Stat. § 126-34.02
 
 does not allow a method of recovering fees for the appellate portion of contested cases would mean the General Assembly intended that State employees who successfully defended appeals against State agencies would have no method of recovering attorneys' fees incurred on appeal. This interpretation would harm the fair administration of justice, as it would drastically impair an employee's ability to contest State action in appellate courts.
 

 Therefore, we hold
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) authorizes the OAH to award attorneys' fees for the appellate or judicial review portion of a contested case. Respondent's argument is without merit.
 

 C.
 
 Award of Attorneys' Fees
 

 We now turn to respondent's alternative argument that attorneys' fees were not warranted. Respondent contends the attorneys' fees were not warranted because: (1) Chapter 126 did not grant the OAH the authority to award appellate fees, so it does not provide an analytical framework for such an award; and (2) even assuming
 
 arguendo
 
 it is appropriate for the OAH to evaluate the propriety of appellate attorneys' fees under
 
 N.C. Gen. Stat. § 6-19.1
 
 , the agency had substantial justification to appeal the OAH's order reinstating petitioner and awarding back pay in the instant case.
 

 *32
 
 We disagree. As discussed
 
 supra
 
 ,
 
 N.C. Gen. Stat. § 126-34.02
 
 (e) authorizes the OAH to award attorneys' fees for the appellate or judicial review portion of a contested case. Additionally, the ALJ's order awarding attorneys' fees was not made pursuant to
 
 N.C. Gen. Stat. § 6-19.1
 
 . Rather, it was made pursuant to
 
 N.C. Gen. Stat. § 126-34.02
 
 (e). Therefore, respondent's argument is without merit.
 

 Although not raised by respondent as an issue on appeal, and therefore waived, we find it pertinent to address the standard the ALJ utilized to determine reasonable attorneys' fees in this case. The ALJ applied the twelve "
 
 Johnson
 
 factors" set forth in
 
 Johnson v. Georgia Highway Exp. Inc.
 
 ,
 
 488 F.2d 714
 
 , 717-19 (5th Cir. 1974), which was adopted by the Fourth Circuit.
 
 Grissom v. The Mills Corp.
 
 ,
 
 549 F.3d 313
 
 , 321 (4th Cir. 2008). These factors have been summarized by the Fourth Circuit as:
 

 (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
 

 Id.
 

 (citation and internal quotation marks omitted).
 

 North Carolina courts do not use these factors to determine reasonable attorneys' fees. Instead, it is well-established that the correct standard is as follows: A court's decision to grant attorneys' fees is discretionary.
 
 Stilwell v. Gust
 
 ,
 
 148 N.C. App. 128
 
 , 130,
 
 557 S.E.2d 627
 
 , 629 (2001). However, if attorneys' fees are awarded, the court "must make findings of fact to support the award. These findings must include the time and
 
 *871
 
 labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney."
 
 Id.
 
 at 131,
 
 557 S.E.2d at 629
 
 (citations and internal quotation marks omitted). Although these findings are contemplated by the
 
 Johnson
 
 factors, our State has not adopted the
 
 Johnson
 
 framework. Therefore, the ALJ should not have applied
 
 Johnson
 
 to determine the reasonable attorneys' fees in this case. Nevertheless, respondent did not raise this argument on appeal, and it is waived.
 
 *33
 
 III.
 
 Conclusion
 

 For the foregoing reasons, we affirm the ALJ's order allowing petitioner's petition for appellate attorneys' fees.
 

 AFFIRMED.
 

 Chief Judge MCGEE and Judge ZACHARY concur.