INMAN, Judge.
 

 *727
 
 Petitioner Paul Swauger ("Petitioner") appeals an order dismissing his petition for judicial review for lack of subject matter jurisdiction. Petitioner contends the Cabarrus County Superior Court erred in failing to review an Administrative Law Judge's final decision pursuant to Sections 150B-43 and 150B-45 of our General Statutes. Because Sections 7A-29(a) and 126-34.02(a) provided Petitioner with an adequate procedure for judicial review by direct appeal to this Court, we affirm the trial court's dismissal of Petitioner's petition.
 

 I.
 
 FACTS AND PROCEDURAL HISTORY
 

 Petitioner was a career state employee at the University of North Carolina at Charlotte (the "University"), where he worked as a mechanic.
 

 *728
 
 During Petitioner's employment, the University switched its email provider from Microsoft Outlook to Google's Gmail. Petitioner refused to agree to Google's Terms of Service for Gmail and was dismissed from his job as a result.
 

 Petitioner filed a petition for contested case hearing in the Office of Administrative Hearings ("OAH") on 5 May 2016, alleging he was dismissed without just cause. On 4 January 2017, the administrative law judge ("ALJ") that heard Petitioner's case issued a Final Decision concluding that the University sufficiently proved it had just cause to dismiss Petitioner.
 

 On 2 February 2017, Petitioner filed a petition in Cabarrus County Superior Court for review of the ALJ's Final Decision. The University filed a motion to dismiss the petition, contending that the superior court did not have subject matter jurisdiction. On 10 July 2017, the trial court granted the motion to dismiss. Petitioner timely appealed the trial court's dismissal order to this Court.
 

 II.
 
 ANALYSIS
 

 A. Standard of Review
 

 The standard of review for an appeal based on subject matter jurisdiction is
 
 de novo
 
 .
 
 Country Club of Johnston Cty., Inc. v. United States Fid. & Guar. Co.
 
 ,
 
 150 N.C. App. 231
 
 , 238,
 
 563 S.E.2d 269
 
 , 274 (2002). Issues of statutory interpretation are also subject to
 
 de novo
 
 review.
 
 Matter of Dippel
 
 , --- N.C. App. ----, ----,
 
 791 S.E.2d 684
 
 , 685 (2016). This standard requires the Court to "consider the question anew, as if not previously considered or decided."
 

 *436
 

 In re Soc'y for Pres. of Historic Oakwood
 
 ,
 
 153 N.C. App. 737
 
 , 740,
 
 571 S.E.2d 588
 
 , 590 (2002) (citation omitted).
 

 B. The Superior Court Was Without Jurisdiction to Hear Petitioner's Petition
 

 The University, as a state agency, is protected by sovereign immunity.
 
 Guthrie v. N.C. State Ports Authority
 
 ,
 
 307 N.C. 522
 
 , 532,
 
 299 S.E.2d 618
 
 , 624 (1983). "It has long been established that an action cannot be maintained against the State of North Carolina
 
 or an agency thereof
 
 unless it consents to be sued or upon its waiver of immunity, and that
 
 this immunity is absolute and unqualified
 
 ."
 
 Id
 
 . at 534,
 
 299 S.E.2d at 625
 
 (emphasis in original) (citation omitted). The waiver of immunity by the State must not be considered lightly, and statutes waiving immunity shall be construed strictly and in favor of immunity.
 
 Id
 
 . at 537-38,
 
 299 S.E.2d at 627
 
 .
 

 *729
 
 It is not contested that North Carolina has waived its sovereign immunity for State employees to bring suit through the OAH. What the parties dispute, however, is the procedure required for an employee to pursue an appeal from an OAH decision.
 

 Section 7A-29(a) of our General Statutes allows a party to immediately appeal "any final decision or order of ... the [OAH] under [N.C. Gen. Stat. §] 126-34.02" to this Court. N.C. Gen. Stat. § 7A-29 (2017). Section 126-34.02 allows a former State employee to file a contested case with the OAH pursuant to the procedures set forth in Sections 150B-22 through 150B-37.
 
 N.C. Gen. Stat. § 126-34.02
 
 (a) (2017). Since its amendment in 2013, this same section also provides that "[a]n aggrieved party in a contested case under this section shall be entitled to judicial review of a final decision by appeal to the Court of Appeals as provided in [N.C. Gen. Stat. §] 7A-29(a)."
 
 N.C. Gen. Stat. § 126-34.02
 
 (a).
 

 Section 150B-43 of our General Statutes also provides for judicial review of decisions by ALJs in contested cases. N.C. Gen. Stat. § 150B-43 (2017). This statute provides:
 

 Any party or person aggrieved by the final decision in a contested case, and who has exhausted all administrative remedies made available to the party or person aggrieved by statute or agency rule, is entitled to judicial review of the decision under this Article,
 
 unless adequate procedure for judicial review is provided by another statute, in which case the review shall be under such other statute.
 

 N.C. Gen. Stat. § 150B-43 (emphasis added).
 

 The University argues, and the superior court held below, that Petitioner's appeal falls outside the scope of Section 150B-43 and must be pursued as provided in Section 126-34.02, because that statute provides an adequate procedure for judicial review of OAH decisions regarding State employees.
 

 Petitioner asserts that Section 126-34.02 is not an "adequate procedure for judicial review ... provided by another statute[.]" N.C. Gen. Stat. § 150B-43. Petitioner relies on this Court's decision in
 
 Harris v. N.C. Dep't of Pub. Safety
 
 , --- N.C. App. ----,
 
 798 S.E.2d 127
 
 ,
 
 aff'd per curiam
 
 ,
 
 370 N.C. 386
 
 ,
 
 808 S.E.2d 142
 
 (2017), which addressed whether the "adequate procedure" language in Section 150B-43 precluded the application of the standard of review contained in Section 150B-51 to an appeal pursuant to Section 7A-29(a). --- N.C. App. at ----,
 
 798 S.E.2d at 131-34
 
 . Petitioner asserts that
 
 Harris
 
 held that "Chapter 126 does not
 
 *730
 
 provide 'an adequate procedure for judicial review[,]' " as the majority in that case wrote the following in addressing the dissent: "The separate opinion asserts
 
 N.C. Gen. Stat. § 126-34.02
 
 is 'another statute,' which provides 'an adequate procedure for judicial review.' We disagree."
 
 Harris
 
 at ----,
 
 798 S.E.2d at 133
 
 .
 

 Petitioner's broad interpretation of
 
 Harris
 
 mistakenly considers the above language in that decision out of context. First, the appeal in
 
 Harris
 
 was itself pursuant to Section 7A-29(a), and we held that the "appeal is properly before us."
 

 Id.
 

 at ----,
 
 798 S.E.2d at 131
 
 . Presumably, if that statute did not provide an adequate means of review, this Court could not have addressed the merits of that appeal. Second, the issue raised by the dissent and addressed by the majority in
 
 Harris
 
 was not whether Section 7A-29(a) was an adequate procedure for judicial review, but whether the standard of review found in Section 150B-51 applies to this Court's review
 
 *437
 
 of a decision on appeal pursuant to Sections 7A-29(a) and 126-34.02(a).
 
 Harris
 
 at ----,
 
 798 S.E.2d at 133-34
 
 . The majority opinion in Harris explained why it held, unlike the dissent in that case, that the standard of review provisions in Chapter 150B should apply to an appeal from an employment claim:
 

 The scope and standard of review of this Court's review of the ALJ's final decision is expressly set forth in § 150B-51. Chapter 126 is silent on this issue. While Chapter 126 governs the proceeding before the ALJ and provides the aggrieved party the right to appeal to this Court, Chapter 150B sets forth our standard of review ....
 

 Harris
 
 at ----,
 
 798 S.E.2d at 133
 
 . In sum,
 
 Harris
 
 did not foreclose direct judicial review of an employment dispute by this Court pursuant to Sections 7A-29(a) and 126-34.02(a).
 

 Petitioner also contends that the "adequate procedure" language in Section 150B-43 is ambiguous. We disagree. Ambiguity exists only where the statute is "fairly susceptible of two or more meanings[.]"
 
 State v. Sherrod
 
 ,
 
 191 N.C. App. 776
 
 , 778,
 
 663 S.E.2d 470
 
 , 472 (2008) (internal quotation marks and citation omitted). Where there is no ambiguity, this Court does not employ the canons of statutory interpretation, and instead "giv[es] the words their plain and definite meaning."
 
 State v. Beck
 
 ,
 
 359 N.C. 611
 
 , 614,
 
 614 S.E.2d 274
 
 , 277 (2005) (citation omitted).
 

 Petitioner fails to advance any alternative meaning for the language in question, instead conclusively asserting that the entire statutory framework for judicial review of ALJ decisions is ambiguous. Section 150B-43 is straightforward and susceptible of only one interpretation.
 

 *731
 
 Giving the words "procedure[,]" "judicial review[,]" and "adequate" their ordinary meanings, N.C. Gen. Stat. § 150B-43, review by a superior court under Article 4 of Chapter 150B is not available when another statute provides "[a] specific method or course of action" for "[a] court's review of a lower court's or administrative body's factual or legal findings[,]" that is "[l]egally sufficient[.]" Black's Law Dictionary, 1241, 864, 42 (8th ed. 2004) (defining "procedure," "judicial review," and "adequate," respectively). Because Sections 7A-29(a) and 126-34.02(a) provide a legally sufficient method for obtaining judicial review of the ALJ's decision by direct appeal to this Court,
 
 [1]
 
 the plain language of Section 150B-43 prohibited Petitioner from seeking judicial review in superior court under Article 4 of Chapter 150B. N.C. Gen. Stat. § 150B-43. We therefore hold that the trial court properly dismissed Petitioner's petition.
 

 III.
 
 CONCLUSION
 

 The superior court correctly dismissed Petitioner's petition because it lacked subject matter jurisdiction to review the ALJ's final decision in the matter, as an adequate procedure for judicial review by direct appeal to this Court was provided by Sections 7A-29(a) and 126-34.02(a). As a result, the right to file a petition in superior court under Section 150B-43 was foreclosed by the plain language of that statute.
 

 AFFIRMED.
 

 Judges DAVIS and MURPHY concur.
 

 [1]
 

 Petitioner's brief asserts that a difference exists between "judicial review" under Sections 150B-43 and "appellate review" under Section 126-34.02(a). We see no distinction. Section 126-34.02 provides for "judicial review ... by appeal to the Court of Appeals[,]"
 
 N.C. Gen. Stat. § 126-34.02
 
 (a), and Section 150B-43 prohibits review by a superior court under Article 4 of Chapter 150B where "judicial review is provided by another statute[.]" N.C. Gen. Stat. § 150B-43.