IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1008

Filed 16 July 2025

Mecklenburg County, No. 21CVD013113-590

KIYA CUNNINGHAM, Plaintiff,

v.

BRAVO 4 AUTOWORKS LLC, Defendant.

Appeal by plaintiff from order entered 13 July 2022 by Judge Paulina N. Havelka and order entered 11 July 2024 by Judge Roy H. Wiggins in Mecklenburg County District Court. Heard in the Court of Appeals 21 May 2025.

*Kiya Cunningham, Pro se, Plaintiff-Appellant.*

*James, McElroy & Diehl, P.A., by Alexandra B. Bachman, for Defendant-Appellee.*

COLLINS, Judge.

Plaintiff Kiya Cunningham appeals from an order granting Defendant Bravo 4 Autoworks LLC's motion for summary judgment and an order denying Plaintiff's motion to reconsider, entered pursuant to Rule 63 of the North Carolina Rules of Civil Procedure. Because Plaintiff's notice of appeal of the trial court's order granting Defendant's motion for summary judgment was untimely, we dismiss her appeal of that order. Because the trial court acted in accordance with Rule 63, we affirm the trial court's order denying Plaintiff's motion to reconsider.

## I.    Background

On 22 July 2021, Plaintiff filed a *pro se* complaint against Defendant in small claims court in Mecklenburg County seeking damages for improper repairs to her vehicle. After a trial, judgment was entered in favor of Defendant and Plaintiff was ordered to pay the costs of the action. Plaintiff timely appealed the small claims judgment to the Mecklenburg County district court.

The claim was heard by an arbitrator, and an arbitration judgment was entered on 12 October 2021 in favor of Plaintiff. Then, on 8 November 2021, Plaintiff requested a trial de novo.

Defendant filed its Motion to Dismiss, Answer, and Affirmative Defenses on 1 December 2021. Defendant then served Plaintiff with Defendant's First Set of Requests for Admission on 10 December 2021. Plaintiff did not serve any responses to the requests for admission; on 19 January 2022, Defendant filed a notice to have the requests for admission deemed admitted.

On 8 March 2022, Defendant filed a motion for summary judgment. Defendant's motion was heard by district court Judge Paulina Havelka on 13 July 2022; Plaintiff was not present at the hearing. That same day, Judge Havelka granted Defendant's motion by written order ("Summary Judgment Order").

Plaintiff filed a motion to reconsider later that same day, alleging that she "[a]rrived at Court Hearing at 9:10 am on July 13, 2022 due to an accident on I-77 interstate as there was a longstanding traffic delay." A hearing on Plaintiff's motion

was held on 27 September 2022. Judge Havelka found that "the unforeseen traffic that delayed [Plaintiff] on July 13, 2022 constitutes a viable ground for relief" pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, and thus Judge Havelka allowed Plaintiff to be heard on Defendant's motion for summary judgment. At the conclusion of the hearing, Judge Havelka found that Plaintiff "does not have a meritorious defense to Defendant's Motion for Summary Judgment" and denied Plaintiff's motion to reconsider. Judge Havelka ordered Defendant's counsel to draft a proposed order denying Plaintiff's motion.

The next day, 28 September 2022, Defendant's counsel emailed the proposed order denying Plaintiff's motion to reconsider to both Judge Havelka and Plaintiff. Plaintiff emailed Defendant's counsel and Judge Havelka on 4 October 2022 "Plaintiff's Objection to Defendant's Proposed Order for Plaintiff's Motion to Reconsideration." The following day, Plaintiff filed "Plaintiff's Motion to Withdraw Deemed Admissions or in the alternative for an Extension of Time to Respond to Defendant's First Set of Requests for Admission to Plaintiff [] ."

Nothing happened in the case for approximately a year and a half, until March 2024. In the meantime, Judge Havelka's judicial term expired on 31 December 2023, and the order denying Plaintiff's motion to reconsider was never entered.

On 22 March 2024, Plaintiff filed a "Motion to be Reviewed by the Chief District Court Judge for a Request to Schedule a Trial by Jury and/or if necessary, a Second Motion for Hearing for Assignment to a New Judge Due to the Former Presiding

Judge Departure and Failure to Render a Ruling." Chief District Court Judge Roy Wiggins conducted a hearing on 30 May 2024; at the conclusion he "took the matter under advisement to review the audio recording of the Hearing on the Motion to Set Aside heard by Judge Havelka on September 27, 2022."

On 11 July 2024, Chief Judge Wiggins entered an order denying Plaintiff's motion to reconsider pursuant to Rule 63 ("Rule 63 Order"). Plaintiff filed a notice of appeal to this Court on 9 August 2024, appealing both the 13 July 2022 Summary Judgment Order and the 11 July 2024 Rule 63 Order.

## II.  Discussion

### A. Summary Judgment Order

We first address Plaintiff's notice of appeal of Judge Havelka's Summary Judgment Order.

"A timely notice of appeal is required to confer jurisdiction upon this Court." *Raymond v. Raymond*, 257 N.C. App. 700, 703 (2018) (citation omitted). Our appellate rules provide that, in civil actions, a party must file and serve a notice of appeal:

> (1) within thirty days after entry of judgment if the party has been served with a copy of the judgment within the three-day period prescribed by Rule 58 of the Rules of Civil Procedure; or
>
> (2) within thirty days after service upon the party of a copy of the judgment if service was not made within that three-day period; provided that

> (3) if a timely motion is made by any party for relief under Rules 50(b), 52(b) or 59 of the Rules of Civil Procedure, the thirty-day period for taking appeal is tolled as to all parties until entry of an order disposing of the motion and then runs as to each party from the date of entry of the order or its untimely service upon the party, as provided in subdivisions (1) and (2) of this subsection (c).

N.C. R. App. P. 3(c). While a timely Rule 59 motion tolls the time for taking appeal, it is well settled that Rule 59 does not apply to pre-trial rulings such as rulings on summary judgment motions. *Doe v. City of Charlotte*, 273 N.C. App. 10, 18-19 (2020).

It is also well settled that "[m]otions entered pursuant to Rule 60 do not toll the time for filing a notice of appeal." *Wallis v. Cambron*, 194 N.C. App. 190, 193 (2008) (citing N.C. R. App. P. 3(c)). Rule 60 provides, "On motion and upon such terms as are just, the court may relieve a party" from a final order for various reasons, including "[m]istake, inadvertence, surprise, or excusable neglect[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) (2023). "To set aside a judgment on the grounds of excusable neglect under Rule 60(b), the moving party must show that the judgment rendered against him was due to his excusable neglect and that he has a meritorious defense." *Monaghan v. Schilling*, 197 N.C. App. 578, 584 (2009) (citation omitted).

Here, Judge Havelka entered the Summary Judgment Order on 13 July 2022. Plaintiff did not file a notice of appeal from that order within thirty days after the entry of that order. Rather, Plaintiff filed a motion for "Reconsideration," alleging that she "[a]rrived at Court Hearing at 9:10 am on July 13, 2022 due to an accident

on I-77 interstate as there was a longstanding traffic delay. Delay was due to unforeseen circumstances[.]"

While Plaintiff's motion for reconsideration was not expressly made pursuant to any particular rule of Civil Procedure, her arguments indicate that she had moved the court to grant her relief from the Summary Judgment Order for excusable neglect under Rule 60(b)(1). *See Doe*, 273 N.C. App. at 16 ("[C]onfusion likely results from there being no mention of a 'motion to reconsider' in the North Carolina Rules of Civil Procedure. Thus, litigants seeking to have the trial court reconsider a ruling often search for wording in our procedural rules that permits their motion."). In fact, during the 27 September 2022 hearing on Plaintiff's motion to reconsider, Judge Havelka found that Plaintiff's unforeseen traffic delays constituted a viable ground for relief pursuant to Rule 60 and thus allowed Plaintiff to be heard on Defendant's motion for summary judgment.

Accordingly, because Plaintiff failed to file a timely notice of appeal from the 13 July 2022 Summary Judgment Order, we do not have jurisdiction to review this order. We therefore dismiss Plaintiff's appeal of this order.

**B. Rule 63 Order**

Plaintiff next argues that Chief Judge Wiggins erred by entering the Rule 63 Order. Specifically, Plaintiff contends, "Judge Wiggins made several findings of fact concerning the events of this case (Findings 2, 3, 4, 5, 6, 7, 9), which mischaracterized the evidence or were not supported by the evidence of this case." Plaintiff's argument

lacks merit.

"The North Carolina Rules of Civil Procedure are part of the General Statutes. Accordingly, interpreting the Rules of Civil Procedure is a matter of statutory interpretation." *In re E.D.H.*, 381 N.C. 395, 398 (2022) (citations omitted). "A question of statutory interpretation is ultimately a question of law" that is reviewed de novo on appeal. *Brown v. Flowe*, 349 N.C. 520, 523 (1998) (citation omitted); *Swauger v. Univ. of N.C. at Charlotte*, 259 N.C. App. 727, 728 (2018).

Civil Procedure Rule 63 provides,

> If by reason of . . . expiration of term, . . . a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed by the court under these rules after a verdict is returned or a trial or hearing is otherwise concluded, then those duties, including entry of judgment, may be performed:
>
> . . . .
>
> > (2) In actions in the district court, by the chief judge of the district . . . .
>
> If the substituted judge is satisfied that he or she cannot perform those duties because the judge did not preside at the trial or hearing or for any other reason, the judge may, in the judge's discretion, grant a new trial or hearing.

N.C. Gen. Stat. § 1A-1, Rule 63 (2023). Under Rule 63, if a district court judge "ma[kes] the findings of fact and conclusions of law that appear in the order before" leaving office and the chief district court judge, acting as the substitute judge, does "nothing more than put his signature on the order and enter it ministerially, the order

is valid." *In re E.D.H.*, 381 N.C. at 399.

Here, Judge Havelka presided over the hearing on Defendant's motion for summary judgment and Plaintiff's motion to reconsider. At the hearing on Plaintiff's motion to reconsider, Judge Havelka heard arguments from both parties and "announced her Findings, Conclusions and Order in Open Court." Judge Havelka asked Defendant's counsel to draft the order and "confer with Plaintiff over its final form." After Plaintiff objected to Defendant's counsel's proposed order, no final agreement was reached on the final form of the order. Judge Havelka's judicial term expired on 31 December 2023, at which time no written order on Plaintiff's motion to reconsider had been entered.

Upon Plaintiff's 22 March 2024 motion to have the matter reviewed by the chief district court judge, Chief Judge Wiggins "took the matter under advisement" and reviewed the audio recording of the 27 September 2022 hearing on Plaintiff's motion to reconsider. Chief Judge Wiggins "listened to the entire hearing" and was able to determine that "Judge Havelka made the following findings:"

> A. Judge Havelka found that it was in the interest of justice to deem Plaintiff's tardiness to court as a basis to reopen the case under [Civil Procedure Rule] 60 but made additional findings that were contrary to re-opening the case.
>
> B. Judge Havelka subsequently found that there was no meritorious defense to the Summary Judgment Motion.
>
> C. Judge Havelka found that Requests for Admissions were filed in December and deemed admitted in

January. They were sent to Plaintiff's address. All Notices of Hearings were sent to Plaintiff's address.

D. Judge Havelka also found that Plaintiff's response to the Summary Judgment Motion was not timely filed or served as it was filed the day before the hearing and mailed to [Defendant's] [c]ounsel the day before the hearing[.]

E. Judge Havelka stated in open court that the Motion to Reconsider is Denied.

Chief Judge Wiggins concluded that because he "was able to determine that Judge Havelka clearly stated her facts, reasoning, and conclusions on the record," and because he was able to determine that "Judge Havelka clearly stated her ruling on the record," Plaintiff's motion to reconsider should be denied.

Plaintiff does not challenge any of the findings A-E listed above. Rather, Plaintiff challenges several other findings, arguing that they "mischaracterize[] the evidence" by leaving out certain minor details. Contrary to Plaintiff's contentions, the challenged findings do not mischaracterize any of the evidence presented in this case, and Plaintiff makes no further argument as to how or why the challenged findings of fact were not supported by the evidence or how those findings are relevant to the issue of whether the Rule 63 Order was properly entered.

Chief Judge Wiggins' order was prepared and entered in conformity with Rule 63. Chief Judge Wiggins did not make any findings of fact or conclusions of law; Judge Havelka made such findings and conclusions after presiding over the hearing and before the expiration of her term. Chief Judge Wiggins reviewed the hearing in

its entirety and did "nothing more than put his signature on the order and enter it ministerially." *Id.* Accordingly, Chief Judge Wiggins did not err by entering the Rule 63 Order.

## III.    Conclusion

For the foregoing reasons, we dismiss Plaintiff's appeal of the trial court's Summary Judgment Order and affirm the trial court's Rule 63 Order.

DISMISSED IN PART; AFFIRMED IN PART.

Judges TYSON and GRIFFIN concur.